■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUISEPPE D'ALESSANDRO, Appellant. [646 NYS2d 792] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered April 20, 1993, convicting defendant, after a jury trial, of kidnapping in the first degree, assault in the second degree, coercion in the first degree, attempted robbery in the first degree, and attempted grand larceny in the second degree, and sentencing him to concurrent terms of 15 years to life on the kidnapping conviction, 1¹/₂ to 4¹/₂ years on the attempted robbery conviction, and 1 to 3 years on each remaining conviction, unanimously affirmed.

As this Court has previously found, the evidence against defendant was overwhelming and any error in the challenged comments of the prosecutor during summation, viewed both individually and collectively, constitutes harmless error (184 AD2d 114, *lv denied* 81 NY2d 884). Additionally, the jury's determinations as to fact and credibility are supported by the record and will not be disturbed by this Court (*People v Siu Wah Tse*, 91 AD2d 350, *lv denied* 59 NY2d 679).

Defendant did not preserve by appropriate and timely objection his current claim that the trial court erred in its jury instructions on the kidnapping in the first degree charge (*see, People v Udzinski*, 146 AD2d 245, 246-247, *lv denied* 74 NY2d 853). Further, there is no basis for interest of justice review where, as here, the indictment afforded defendant fair notice

of the accusations against him, the evidence presented to the jury overwhelmingly established that defendant committed the crime under all theories charged by the trial court and the variance between the terms of the charge as set forth in the indictment and the terms of the charge delivered by the trial court cannot reasonably be viewed as an alteration of the theory of prosecution that would have affected the jury's verdict (*supra*).

The available record indicates that defendant received the effective assistance of counsel, trial counsel having made appropriate pre-trial, trial and post-trial motions and applications, vigorously cross-examined the People's witnesses and presented witnesses in support of the defense position that there had been no abduction or restraint of the complainant, and interposed numerous objections to summation comments by the prosecutor. Trial counsel's failure to object to the jury charge on kidnapping in the first degree, which in any event does not constitute reversible error in the circumstances, does not render trial counsel's representation less than meaningful (*see, People v Flores*, 84 NY2d 184, 188). Concur—Wallach, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.