OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff-wife slipped and fell on a blackened banana peel on the floor in the housewares section of a department store operated by defendant TSS Seedman’s, Inc., and brought suit for damages. Plaintiffs contended that, because the peel was blackened, defendant must have had notice of a dangerous
 
 *774
 
 condition on the premises. Defendant moved for summary judgment, arguing that there was no triable issue of fact on the issue of notice. Supreme Court denied summary judgment, and defendant appealed but failed to perfect its appeal, which the Appellate Division dismissed for want of prosecution.
 

 After trial, the jury found defendant 95% liable and plaintiffs 5% liable. Defendant then filed the instant appeal, arguing that plaintiffs did not present sufficient proof of constructive notice to support the verdict. Plaintiffs moved to dismiss defendant’s appeal on the ground that, having abandoned its earlier appeal, defendant should not be permitted to re-litigate the issue of constructive notice. The Appellate Division denied plaintiffs’ motion and reversed, concluding that plaintiffs did not establish constructive notice. We now affirm.
 

 The Appellate Division did not err when it declined to dismiss defendant’s appeal. As we stated in
 
 Bray v Cox
 
 (38 NY2d 350, 353), “a prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal”
 
 (see also, Rubeo v National Grange Mut. Ins. Co.,
 
 93 NY2d 750 [decided today]). However, an appellate court has the authority to entertain a second appeal in the exercise of its discretion, even where a prior appeal on the same issue has been dismissed for failure to prosecute
 
 (see, Aridas v Caserta,
 
 41 NY2d 1059, 1061). Thus, in the case at hand, the Appellate Division had the authority to hear defendant’s second appeal in the exercise of its discretion, even if it could have dismissed the appeal under
 
 Bray.
 

 On the merits, the Appellate Division correctly concluded that the verdict was not sufficiently supported. There was no evidence that defendant knew about the banana peel, or that it had been on the floor long enough prior to the accident that notice might be inferred
 
 (see, Anderson v Klein’s Foods,
 
 73 NY2d 835, 836,
 
 affg on opn at
 
 139 AD2d 904;
 
 Gordon v American Museum of Natural History,
 
 67 NY2d 836, 837-838). The simple fact that the peel was blackened did not establish constructive notice.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.