■ Thomas E. Dombrowski, Appellant, v Raymond W. Bulson, Respondent. [915 NYS2d 778]—

Appeal from an order of the Supreme Court, Allegany County (John A. Michalek, J.), entered July 17, 2009 in a legal malpractice action. The order granted the motion of defendant for summary judgment, dismissed the complaint and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint only insofar as it seeks damages for nonpecuniary loss and as modified the order is affirmed without costs.

Memorandum: In this legal malpractice action, plaintiff alleges that defendant negligently represented him in a criminal action and that, as a result of defendant's negligence, plaintiff was convicted following a jury trial of two felonies and one misdemeanor and was sentenced to a determinate term of incarceration of four years plus a period of postrelease supervision. County Court denied plaintiff's subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10 on the ground of ineffective assistance of counsel, and we denied plaintiff's motion for leave to appeal from the order denying that motion. Plaintiff thereafter commenced a proceeding in Federal District Court seeking a writ of habeas corpus, again contending that he was denied effective assistance of counsel. In granting the petition in that proceeding almost three years later, the Magistrate determined that defense counsel failed to conduct an adequate investigation and failed to conduct a sufficient cross-examination of the complainant, who is plaintiff's daughter, regarding prior inconsistent statements. When the Magistrate issued his ruling, however, plaintiff had been incarcerated for more than five years, and the prosecution declined to retry him. The indictment was thus dismissed. Plaintiff then commenced this legal malpractice action, seeking money damages for his loss of liberty arising from his alleged wrongful incarceration and for lost wages.

Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff has no right to recover any money damages. With respect to loss of liberty, the court determined that damages for such nonpecuniary loss are not recoverable in a legal malpractice action and, with respect to lost wages, the court determined that plaintiff

was estopped from seeking such damages because he had been deemed disabled by the Social Security Administration prior to his incarceration and had received disability payments while incarcerated. We conclude that the court erred in determining that plaintiff is not entitled to seek damages for nonpecuniary loss arising from his loss of liberty, and we therefore modify the order accordingly. We further conclude, however, that the court properly granted that part of defendant's motion with respect to damages for lost wages, in view of plaintiff's receipt of disability payments while incarcerated.

"To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise 'the ordinary reasonable skill and knowledge commonly possessed by a member of the legal community, and that the attorney's breach of [that] duty proximately caused plaintiff to sustain actual and ascertainable damages' " (*Velie v Ellis Law, P.C.*, 48 AD3d 674, 675 [2008], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). It is well settled that nonpecuniary damages are not recoverable in a legal malpractice action involving the negligence of an attorney in a civil matter (*see e.g. Wolkstein v Morgenstern*, 275 AD2d 635, 637 [2000]; *Dirito v Stanley*, 203 AD2d 903 [1994]). Here, however, the issue before us is whether that rule should also apply to legal malpractice actions where the underlying matter is criminal rather than civil in nature. The only New York appellate court decision on point is that of the First Department in *Wilson v City of New York* (294 AD2d 290 [2002]), which held that recovery of nonpecuniary damages is not permitted. In our view, the reasoning of the First Department in *Wilson* is not persuasive, and we therefore decline to follow the holding in *Wilson*.

"It is fundamental to our common-law system that one may seek redress for every substantial wrong. 'The best statement of the rule is that a wrong-doer is responsible for the natural and proximate consequences of his [or her] misconduct' " (*Battalla v State of New York*, 10 NY2d 237, 240 [1961]; *see Derby v Prewitt*, 12 NY2d 100, 105-106 [1962]). Where emotional or other nonpecuniary loss is a direct result of a defendant's breach of duty, a plaintiff may recover damages for such loss (*see generally Martinez v Long Is. Jewish Hillside Med. Ctr.*, 70 NY2d 697, 699 [1987]; *Kennedy v McKesson Co.*, 58 NY2d 500, 504-506 [1983]). The risk of imprisonment is a direct result of attorney malpractice in a criminal case and, indeed, it is the primary risk involved in most criminal cases. In our view, a cause of action for criminal legal malpractice is analogous to causes of

action for false arrest and malicious prosecution, both of which allow recovery for the plaintiff's loss of liberty resulting from the plaintiff's wrongful incarceration (*see Strader v Ashley*, 61 AD3d 1244 [2009], *lv dismissed* 13 NY3d 756 [2009]; *Lynch v County of Nassau*, 278 AD2d 205 [2000]; *see generally Britt v Legal Aid Socy.*, 95 NY2d 443, 448 [2000]). We thus conclude that a plaintiff who establishes that he or she was wrongfully convicted due to the malpractice of his or her attorney in a criminal case may recover compensatory damages for the actual injury sustained, i.e., loss of liberty, and any consequent emotional injuries or other losses directly attributable to his or her imprisonment.

We note in addition that the recent trend in other states with respect to this issue is in favor of allowing recovery for loss of liberty in criminal legal malpractice cases, even in those states that, in conformity with the general rule, do not otherwise allow recovery of nonpecuniary damages in malpractice actions (*see e.g. Wagenmann v Adams*, 829 F2d 196, 221-222 [1st Cir 1987]; *Snyder v Baumecker*, 708 F Supp 1451, 1464 [NJ Dist 1989]; *Rowell v Holt*, 850 So 2d 474 [Fla 2003]; *Holliday v Jones*, 215 Cal App 3d 102, 118-119, 264 Cal Rptr 448, 458 [1989]). As has been noted, "[w]hen an attorney's negligence causes a client's loss of liberty, courts have been willing to step away from the general rule barring damages for emotional distress. Generally, these cases hold that when an attorney represents a criminal defendant, incarceration is the foreseeable result of negligence. Accordingly, damages for the mental anguish arising from that foreseeable result, a non-pecuniary damage, should not be barred" (Rhoades and Morgan, *Recovery for Emotional Distress Damages in Attorney Malpractice Actions*, 45 SC L Rev 837, 845 [1994]; *see also* Barry, *Legal Malpractice in Massachusetts: Recent Developments*, 78 Mass L Rev 74, 82 [1993] ["Courts in other jurisdictions have frequently held that emotional distress damages are recoverable where the attorney's malpractice results in the client's wrongful deprivation of liberty," noting cases in Massachusetts, New Jersey and California]).

Finally, with respect to plaintiff's remaining contentions, we conclude that the mere fact that the Federal Magistrate in granting his petition for a writ of habeas corpus determined that he was denied effective assistance of counsel does not establish plaintiff's innocence as a matter of law, nor does it have collateral estoppel effect on the issue of causation. Present— Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.