[971 NE2d 338, 948 NYS2d 208]

THOMAS E. DOMBROWSKI, Respondent, v RAYMOND W. BULSON, Appellant.

Argued April 25, 2012; decided May 31, 2012

## POINTS OF COUNSEL

*Damon Morey LLP*, Buffalo (*Vincent G. Saccomando* of counsel), for appellant. The rule precluding nonpecuniary damages in both civil and criminal attorney malpractice actions is based on sound public policy and should not be disturbed. (*Dirito v Stanley*, 203 AD2d 903; *Risman v Leader*, 256 AD2d 1245; *Wolkstein v Morgenstern*, 275 AD2d 635; *Galu v Attias*, 923 F Supp 590; *Walker v Stroh*, 192 AD2d 775; *Taylor v Paskoff & Tamber, LLP*, 29 Misc 3d 1125; *Sanders v Rosen*, 159 Misc 2d 563; *Wilson v City of New York*, 294 AD2d 290; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582; *Yuko Ito v Suzuki*, 57 AD3d 205.)

*Cantor, Lukasik, Dolce & Panepinto, P.C.*, Buffalo (*Marc C. Panepinto* and *Jeremy C. Toth* of counsel), for respondent. I. Nonpecuniary damages should be allowed in a legal malpractice case for loss of freedom resulting from negligence in a criminal defense. (*Wilson v City of New York*, 294 AD2d 290; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438; *Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38; *VDR Realty Corp. v Mintz*, 167 AD2d 986; *Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200; *Kenford Co. v County of Erie*, 73 NY2d 312; *Atkins Nutritionals v Ernst & Young*, 301 AD2d 547; *Rose Lee Mfg. v Chemical Bank*, 186 AD2d 548; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187; *Ashland Mgt. v Janien*, 82 NY2d 395.) II. The lower court erred in denying plaintiff's claims for lost wages. (*Young v Tops Mkts.*, 283 AD2d 923; *Manfredi v Preston*, 246 AD2d 580.) III. In light of the

federal district court's decision granting plaintiff a writ of habeas corpus based on ineffective assistance of counsel, defendant should be estopped from relitigating the issues of plaintiff's colorable claim of innocence and proximate cause. (*Carmel v Lunney*, 70 NY2d 169; *Britt v Legal Aid Socy.*, 95 NY2d 443; *Daly v Peace*, 54 AD3d 801; *Casement v O'Neill*, 28 AD3d 508; *Boomer v Gross*, 34 AD3d 1096; *Rosado v Legal Aid Socy.*, 12 AD3d 356; *Biegen v Paul K. Rooney, P.C.*, 269 AD2d 264; *Scanio v Palmiere & Pellegrino*, 251 AD2d 1018; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Zayatz v Collins*, 48 AD3d 1287.)

*Cohen & Fitch LLP*, New York City (*Joshua P. Fitch* of counsel), for Ganpat Ramcharran, amicus curiae. An individual should be allowed to recover damages for loss of liberty in an action for legal malpractice. (*Kerman v City of New York*, 374 F3d 93; *Gardner v Federated Dept. Stores, Inc.*, 907 F2d 1348; *Wilson v City of New York*, 294 AD2d 290; *Wolkstein v Morgenstern*, 275 AD2d 635; *Smith v Lightning Bolt Prods., Inc.*, 861 F2d 363; *Green v Leibowitz*, 118 AD2d 756; *Dirito v Stanley*, 203 AD2d 903; *Jensen v Whitford Co.*, 167 AD2d 826; *Lancellotti v Howard*, 155 AD2d 588; *Fowler v Town of Ticonderoga*, 131 AD2d 919.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

The issue presented by this appeal is whether plaintiff, suing his former criminal defense attorney in legal malpractice, can recover nonpecuniary damages. We find that such damages are not available in an action for attorney malpractice.

Plaintiff Dombrowski was convicted in September 2000, after a jury trial, of attempted rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child. Plaintiff moved pursuant to CPL 440.10 to vacate his conviction, arguing that he had received ineffective assistance of counsel. County Court denied the motion without a hearing, finding that defendant Bulson—plaintiff's trial attorney—had provided meaningful representation.

Dombrowski then sought a writ of habeas corpus in the United States District Court for the Western District of New York. Plaintiff urged several errors in particular—that defendant attorney failed to investigate or present evidence concerning an allegedly meritorious defense, failed to interview certain potential witnesses and failed to cross-examine the victim regarding discrepancies in her testimony. An evidentiary hearing

was held, at which Bulson explained the reasoning behind his professional decisions regarding the conduct of the trial. The magistrate found that errors by defense counsel made it difficult for the jury to make a reliable assessment of the "critical issue" of the victim's credibility (*see Dombrowski v Giambruno*, 2006 WL 3717369, *19, 2006 US Dist LEXIS 90325, *53 [WD NY 2006]). The petition was conditionally granted unless the People commenced further criminal proceedings against Dombrowski within 60 days. Dombrowski, however, was not reprosecuted and the indictment was dismissed.

Plaintiff then commenced this action, alleging that he had been damaged as a result of defendant's attorney malpractice. In relevant part, the complaint alleged that he had been incarcerated from January 17, 2001 until July 19, 2006. He then served a period of postrelease supervision, which was terminated only after his habeas corpus petition was granted.

Supreme Court granted defendant's motion for summary judgment and dismissed the complaint, finding that plaintiff's receipt of Social Security disability benefits while incarcerated precluded his claim of pecuniary damages and that damages for nonpecuniary loss were not available in an action for attorney malpractice. The Appellate Division modified and reinstated the portion of the complaint seeking nonpecuniary damages (79 AD3d 1587 [4th Dept 2010]). The Court recognized that nonpecuniary damages were not available for legal malpractice claims where the underlying action was a civil matter, but found that an individual who had been wrongfully convicted as a result of attorney malpractice in a criminal matter could recover compensatory damages for loss of liberty and any other losses that were the direct result of his or her imprisonment (*see* 79 AD3d at 1589-1590). The Court then granted defendant leave to appeal, certifying the following question for our review: "Was the order of this Court entered December 30, 2010, properly made?" We reverse and answer the certified question in the negative.

In order to recover damages in a legal malpractice action, a plaintiff must establish "that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]). For malpractice actions arising

from allegations of negligent representation in a criminal matter, the plaintiff must have at least a colorable claim of actual innocence—that the conviction would not have resulted absent the attorney's negligent representation (*see Britt v Legal Aid Socy.*, 95 NY2d 443, 446-447 [2000]). While the criminal charges at issue remain pending, a plaintiff is precluded, for purposes of a civil action, from asserting innocence (*see id.* at 448).

New York courts that have been confronted with the issue have generally rejected the claim that a plaintiff in a legal malpractice action is entitled to nonpecuniary damages arising out of representation in civil proceedings (*see e.g. Dirito v Stanley*, 203 AD2d 903, 904 [4th Dept 1994] [affirming dismissal of damages claim for emotional pain and suffering]; *Wolkstein v Morgenstern*, 275 AD2d 635, 637 [1st Dept 2000] ["A cause of action for legal malpractice does not afford recovery for any item of damages other than pecuniary loss so there can be no recovery for emotional or psychological injury"]).

Plaintiff argues that a different result should obtain here based upon the type of egregious harm most likely to be suffered by a defendant who is the victim of malpractice in a criminal action—the loss of liberty attendant to a period of incarceration—harm that is nonpecuniary in nature. Addressing this type of situation, the First Department acknowledged the argument that limiting recovery to pecuniary damages in cases of malpractice arising from criminal matters would likely deny the claimant any meaningful relief, but found that such limitation was a policy decision that applied equally whether the actions arose in the civil or criminal context (*see Wilson v City of New York*, 294 AD2d 290, 292-293 [1st Dept 2002]).

The Fourth Department in this case reached the opposite conclusion, finding a parallel between actions for malpractice in a criminal action and claims for false arrest and malicious prosecution (*see* 79 AD3d at 1589-1590). Although the harm suffered by the claimant is the same—loss of liberty—we reject the argument that these types of actions are analogous. False arrest and malicious prosecution are intentional torts. Malicious prosecution, in particular, requires a showing that the proceeding was commenced against the claimant with actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]). It makes sense that the scope of recovery for deliberate torts is broader than for torts based on the failure to exercise skill or care (*see e.g. Johnson v Jamaica Hosp.*, 62 NY2d 523, 531 [1984] ["as a matter

of settled law, tort liability is predicated on the nature of the act of the tort-feasor, not simply the injury of the victim"]).*

We see no compelling reason to depart from the established rule limiting recovery in legal malpractice actions to pecuniary damages. Allowing this type of recovery would have, at best, negative and, at worst, devastating consequences for the criminal justice system. Most significantly, such a ruling could have a chilling effect on the willingness of the already strapped defense bar to represent indigent accused. Further, it would put attorneys in the position of having an incentive not to participate in post-conviction efforts to overturn wrongful convictions. We therefore hold that plaintiff does not have a viable claim for damages and the complaint should be dismissed in its entirety.

Accordingly, the order of the Appellate Division should be reversed, with costs, the order of Supreme Court should be reinstated and the certified question should be answered in the negative.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.

---

* In other classes of cases, where an individual is wrongfully imprisoned as the result of state action, recovery is available under Court of Claims Act § 8-b.