[992 NYS2d 520]

Guiseppe D'Alessandro, Respondent, v John Carro et al., Appellants.

First Department, September 18, 2014

### APPEARANCES OF COUNSEL

*Furman Kornfeld & Brennan LLP*, New York City (*A. Michael Furman* and *Younie J. Choi* of counsel), for appellants.

*Sullivan Gardner PC*, New York City (*Brian Gardner* of counsel), for respondent.

### OPINION OF THE COURT

Tom, J.P.

Defendants again ask this Court to overturn an order denying their motion to dismiss so much of the complaint, sounding in legal malpractice, as seeks nonpecuniary damages. Review of the initial Supreme Court order entered March 6, 2012 was precluded upon our grant of plaintiff's motion to dismiss defendants' appeal for failure to prosecute. Defendants then sought to be relieved from their default in perfecting the appeal

by interposing a motion to vacate our order of dismissal, which we denied (2013 NY Slip Op 84113[U] [1st Dept 2013]). On this appeal, defendants seek review of an order (40 Misc 3d 1222[A], 2013 NY Slip Op 51275[U] [2013]) denying what is represented to be a motion to renew their original application to strike plaintiff's nonpecuniary damages claim, on the ground that there has been an intervening change in the law. Because the law in this Department remains what it was when the original order was issued, the predicate for a motion to renew is lacking, and the motion is one to reargue. Because no appeal lies from the denial of a motion to reargue, there is nothing for us to review at this juncture.

This controversy arises out of defendants' representation of plaintiff on appeal from his conviction for holding a former restaurant employee captive for a 24-hour period, resulting in plaintiff's conviction of kidnapping, assault and other charges. Plaintiff was sentenced to an aggregate term of 15 years to life (*People v D'Alessandro*, 230 AD2d 656 [1st Dept 1996], *lv denied* 89 NY2d 863 [1996]) and served 14$^1$/$_2$ years of his sentence before being released in November 2007.

In June 2010, this Court granted plaintiff's application for a writ of error coram nobis, reversing the judgment of conviction and dismissing the indictment (*People v D'Alessandro*, 2010 NY Slip Op 75591[U] [1st Dept 2010]). We held that appellate counsel's failure to raise a clear-cut speedy trial issue was dispositive of the question of effective assistance of counsel (*id.*). In particular, we held that the period of 196 days between the filing of plaintiff's omnibus motion seeking dismissal of the indictment and the time the People produced the grand jury minutes in response to the motion alone would have exceeded the 184 days during which the People were required to be ready for trial (CPL 30.30 [1] [a]). We noted that the issue of whether the time was chargeable to the People was settled law (*see People v McKenna*, 76 NY2d 59 [1990]) and had counsel raised the issue, his client would have prevailed (*D'Alessandro*, 2010 NY Slip Op 75591[U]).

Plaintiff then commenced the instant legal malpractice action in January 2011. The complaint alleges that defendants' failure to raise the speedy trial issue on appeal caused plaintiff to needlessly remain incarcerated for over 13 years. He seeks damages of $26 million, including loss of income, as well as nonpecuniary damages for emotional and physical distress, damage to reputation and loss of consortium.

In response, defendants moved to dismiss the complaint for failure to state a cause of action based on the documentary evidence (CPLR 3211 [a] [1], [7]). In the alternative, the motion sought dismissal of the claims for nonpecuniary damages on the ground that such damages are unavailable in legal malpractice cases. In their memorandum of law in support of the motion, defendants relied upon this Court's ruling in *Wilson v City of New York* (294 AD2d 290 [1st Dept 2002]), which likewise involved a claim arising out of the plaintiff's conviction on criminal charges and resulting incarceration. As defendants noted, *Wilson* holds that the bar against recovery of nonpecuniary damages in a legal malpractice action is a matter of policy not limited to the civil context (*id.* at 292-293).

However, the Supreme Court (Emily Jane Goodman, J.), on February 29, 2012, denied the motion in its entirety and allowed the claims for nonpecuniary damages to remain (34 Misc 2d 1242[A], 2012 NY Slip Op 50508[U], *6 [Sup Ct, NY County 2012]). In doing so, the motion court rejected this Court's rule in *Wilson* that nonpecuniary damages may not be sought in malpractice cases, even in the criminal context (*id.* at *5-6). The court noted that the "ten year old *Wilson* theory of damages was not adopted by the Fourth Department" (*id.* at *5) in the more recent decision of *Dombrowski v Bulson* (79 AD3d 1587 [4th Dept 2010], *revd* 19 NY3d 347 [2012]), which held that nonpecuniary damages may be recovered in criminal malpractice cases. Noting that D'Alessandro would have been spared 10 years of incarceration if the direct appeal had challenged the speedy trial ruling, the court reasoned, "[I]f the . . . First Department had the occasion to revisit the instant case, or a similar one where malpractice has been established and the issue of damages central, perhaps it would be viewed differently" (34 Misc 2d 1242[A], 2012 NY Slip Op 50508[U], *5). *Dombrowski* was subsequently overturned on May 31, 2012 (19 NY3d 347 [2012]).

As reflected in their preargument statement (Rules of App Div, 1st Dept [22 NYCRR] § 600.17), defendants were obviously aware of the error in Supreme Court's order, which was inconsistent with this Department's holding in *Wilson*. Defendants filed a notice of appeal in February 2012 but failed to perfect within the nine months prescribed by the rules of this Court (22 NYCRR 600.11 [a] [3]). Upon plaintiff's motion, the appeal was dismissed on February 28, 2013 for failure to prosecute (*id.* § 600.12 [b]). In the interim, defendants moved before Supreme

Court on January 7, 2013, purportedly pursuant to CPLR 2221 (e), to renew their application to dismiss so much of the complaint as seeks nonpecuniary damages. Defendants noted that, the Fourth Department case relied upon by the motion court in the initial order which permitted recovery of nonpecuniary damages in instances of malpractice regarding criminal cases, had been reversed by the Court of Appeals (*Dombrowski*, 19 NY3d 347). Accordingly, defendants maintained that there had been a change in the law that warranted revisiting their original application to dismiss the complaint (CPLR 2221 [e] [2]). In denying the motion to renew, the motion court made no ruling on its procedural foundation. Rather, the court based its decision upon the substantive ground that this Court's dismissal of the appeal from the prior order operates as a disposition on the merits, thereby precluding any reconsideration of the merits by Supreme Court (40 Misc 3d 1222[A], 2013 NY Slip Op 51275[U] [2013], citing *Bray v Cox*, 38 NY2d 350 [1976]; *see Brown v Brown*, 169 AD2d 487 [1st Dept 1991]; *Maracina v Schirrmeister*, 152 AD2d 502 [1st Dept 1989]).*

On appeal, defendants, citing *Faricelli v TSS Seedman's* (94 NY2d 772, 774 [1999]), argue that this Court should exercise its discretion to entertain the appeal to correct an error in the motion court's initial ruling. In *Faricelli*, the defendant appealed from the denial of a motion to dismiss an action for personal injury on the ground that the plaintiff could not establish constructive notice of a hazardous condition as a matter of law (94 NY2d at 773-774). As here, the defendant's appeal was dismissed for failure to prosecute (*id*. at 774). The plaintiff was awarded damages at trial, the defendant appealed from the judgment, and the Second Department reversed, holding that the verdict was not sufficiently supported by evidence of constructive notice (*id*.). The Court of Appeals affirmed and acknowledged that the Second Department had discretion to entertain the second appeal even though the prior appeal on the same issue had been dismissed for failure to prosecute (*id*. at 773-774). The Court cited to *Aridas v Caserta* (41 NY2d 1059, 1061 [1977]), which states, "Every court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made."

---

* It should be emphasized that this matter arises in a procedural context similar to that confronted by the Court of Appeals in *Bray*, which culminated in the ruling that no review could be undertaken of the *same* order that had been the subject of the dismissed appeal for lack of prosecution.

Defendants' right to appellate review is entirely dependent on the basis of their application to the motion court for reconsideration of its previous order (CPLR 2221 [d], [e]; *compare Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 173 AD2d 203, 204 [1st Dept 1991], *with Kasem v Price-Rite Off. & Home Furniture*, 21 AD3d 799, 801 [1st Dept 2005]). Before the 1999 amendment of CPLR 2221 (L 1999, ch 281 [eff July 20, 1999]), a motion seeking to amend a prior order due to a change effected by statutory or case law was entertained as a motion to reargue (*see e.g. Miller v Schreyer*, 257 AD2d 358 [1st Dept 1999]) as an exception to the general rule that reargument must be sought within the time specified for taking an appeal from the prior order (*see Foley v Roche*, 86 AD2d 887 [2d Dept 1982], *lv denied* 56 NY2d 507 [1982]). With the statutory amendment, the application has been designated a motion to renew (CPLR 2221 [e] [2]).

While defendants have denominated their motion as one seeking renewal, they identify no change in law warranting reexamination of their arguments. It is axiomatic that Supreme Court is bound to apply the law as promulgated by the Appellate Division within its particular Judicial Department (McKinney's Cons Laws of NY, Book 1, Statutes § 72 [b]), and where the issue has not been addressed within the Department, Supreme Court is bound by the doctrine of stare decisis to apply precedent established in another Department, either until a contrary rule is established by the Appellate Division in its own Department or by the Court of Appeals (*Mountain View Coach Lines v Storms*, 102 AD2d 663, 664 [2d Dept 1984]; *see also People v Turner*, 5 NY3d 476, 481-482 [2005]; *United States Gypsum Co. v Riley-Stoker Corp.*, 11 Misc 2d 572, 575 [Sup Ct, Genesee County 1958] ["The doctrine of stare decisis does not compel a judge at Special Term to follow a decision of a Special Term in another judicial district; nevertheless, he must follow a decision made by the Appellate Division of another department, unless his own Appellate Division or the Court of Appeals holds otherwise" (emphasis omitted)], *affd* 7 AD2d 894 [4th Dept 1959], *revd on other grounds* 6 NY2d 188 [1959]). Thus, a particular Appellate Division will require the lower courts within its Department to follow its rulings, despite contrary authority from another Department, until the Court of Appeals makes a dispositive ruling on the issue (*see e.g. Ross v Curtis-Palmer Hydro-Electric Co.*, 180 AD2d 385, 390 [3d Dept 1992], *mod* 81 NY2d 494 [1993]).

In this case, the applicable law was established by our ruling in *Wilson v City of New York* (294 AD2d at 292-293), which holds that nonpecuniary damages are unrecoverable in a legal malpractice action whether the malpractice is civil or criminal in nature. The law in this Department was unaltered by the ensuing Court of Appeals' decision in *Dombrowski*. Indeed, in following *Wilson* and rejecting the Fourth Department's contrary position, the Court of Appeals stated, "We see no compelling reason to depart from the established rule limiting recovery in legal malpractice actions to pecuniary damages" (19 NY3d at 352). While Supreme Court did not decide the procedural issue, it is clear that defendants have advanced no grounds for renewal of their motion to dismiss. Indeed, an intervening ruling that merely clarifies existing law does not afford a basis for renewal attributed to a change in the law (*Philips Intl. Invs., LLC v Pektor*, 117 AD3d 1 [1st Dept 2014]). While this Court has the discretion to reconsider an issue on an appeal previously dismissed for failure to prosecute, "even if it could have dismissed the appeal under *Bray*" (*Faricelli* at 794), the instant appeal must be dismissed since defendants' motion before the motion court was one to reargue, the denial of which is not appealable (*Pier 59 Studios, L.P. v Chelsea Piers, L.P.*, 40 AD3d 363, 366 [1st Dept 2007]). We have considered defendants' remaining contentions and find them unavailing.

Accordingly, the appeal from the order of the Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 30, 2013, which, to the extent appealed from, denied defendants' motion to reargue, improperly denominated a motion to renew, their motion to dismiss plaintiff's claims for nonpecuniary damages, should be dismissed, without costs, as taken from a nonappealable order.

Tom, J.P., Andrias, DeGrasse and Richter, JJ., concur.

Appeal from order, Supreme Court, New York County, entered July 30, 2013, dismissed, without costs, as taken from a nonappealable order.