■ JOETTA DAWSON, Formerly Known as JOETTA DEAN, Respondent, v RONALD SCHOENBERG, Appellant. [10 NYS3d 577]—

In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), entered October 11, 2013, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

In a prior criminal proceeding, the plaintiff was convicted of three counts of course of sexual conduct against a child and one count of sexual abuse in the second degree based upon allegations that she sexually abused two of her children over a period of years. On appeal, this Court reversed the judgment of conviction on the grounds that the plaintiff was deprived of the effective assistance of counsel and that, when viewed as whole, the manner in which the trial was conducted deprived her of her right to a fair trial. Accordingly, this Court remitted the matter to the County Court, Nassau County, for a new trial before a different Judge (*see People v Dean*, 50 AD3d 1052 [2008]). After the new trial, the plaintiff was acquitted of the charges against her. Thereafter, the plaintiff commenced this legal malpractice action against the defendant, the attorney who represented her at the first trial, seeking both pecuniary and nonpecuniary damages. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied his motion, concluding that he failed to establish his prima facie entitlement to judgment as a matter of law.

To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Biberaj v Acocella*, 120 AD3d 1285, 1286 [2014]). Even where a plaintiff establishes that his or her attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal profession, the plaintiff must still demonstrate causation (*see Di Giacomo v Michael S. Langella, P.C.*, 119 AD3d 636, 638 [2014]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d

438, 442 [2007]). In the civil context, this Court has held that a plaintiff in a legal malpractice action "need prove only that the defendant-attorney's negligence was a proximate cause of damages" (*Barnett v Schwartz*, 47 AD3d 197, 204 [2007]). However, in a legal malpractice action such as this one, arising from representation in a criminal matter, the "plaintiff must have at least a colorable claim of actual innocence" (*Dombrowski v Bulson*, 19 NY3d 347, 351 [2012]), and the plaintiff ultimately bears the unique burden to plead and prove that his or her "conviction was due to the attorney's actions alone and not due to some consequence of his [or her] guilt" (*Britt v Legal Aid Socy.*, 95 NY2d 443, 447 [2000]; *see Dombrowski v Bulson*, 19 NY3d at 350-351; *Cummings v Donovan*, 36 AD3d 648, 648 [2007]). " 'To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements' " (*Lever v Roesch*, 101 AD3d 954, 955 [2012], quoting *Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771, 772 [2012]).

Here, the defendant met his initial burden of demonstrating, prima facie, that the plaintiff is unable to prove the element of causation. Specifically, the defendant submitted admissible evidence demonstrating that the plaintiff's convictions after her first trial were not due solely to the defendant's conduct, but were also the result of other factors, including those arising from "some consequence of [her] guilt" (*Britt v Legal Aid Socy.*, 95 NY2d at 447). The evidence submitted by the defendant included graphic testimony of the plaintiff's own children, admitted into evidence at the first trial, which detailed numerous acts of sexual abuse committed by the plaintiff against them. In opposition, the plaintiff failed to raise a triable issue of fact as to whether her convictions after the first trial were due solely to the defendant's conduct (*see id.*).

Additionally, the plaintiff's claims for nonpecuniary damages, including physical and psychological injuries allegedly sustained while she was incarcerated following the first trial, are not recoverable in a legal malpractice action (*see Dombrowski v Bulson*, 19 NY3d 347 [2012]; *D'Alessandro v Carro*, 123 AD3d 1 [2014]; *Young v Quatela*, 105 AD3d 735 [2013]; *Brownell v LeClaire*, 96 AD3d 1336, 1338 [2012]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.