The People of the State of New York, Respondent, 
against
David Sutcliffe, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered February 22, 2017, convicting him, after a nonjury trial, of attempted criminal contempt in the second degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered February 22, 2017, affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The testimony of complainant, an employee at the building where defendant resides, that at least twice a week for approximately four months, defendant berated him with ethnic slurs and other obscenities, including "scumbag" and "spic," occasionally pushed the front door of the building in complainant's face, and on one occasion hit complainant with his bike pedal, established a course of conduct that was intended to harass, annoy or alarm (see People v Hurd, 162 AD3d 551 [2018], lv denied 32 NY3d 1004 [2018]), which served no legitimate purpose (see People v Stuart, 100 NY2d 412, 428 [2003]), and was in violation of a valid order of protection which enjoined defendant from threats, menacing, intimidation or any criminal offense against complainant (see People v Kaplan, 125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]).
The prosecutor's information was not jurisdictionally defective (see People v Inserra, 4 NY3d 30 [2004]). Defendant's commission of the charged offenses was adequately pleaded in the underlying informations. With respect to the second-degree harassment charge, the underlying information alleges that "[f]rom April 2015 through August 6, 2015 ... defendant approach[ed] me approximately twice a week every week inside of the lobby located at 121 West 72 Street and sa[id] obscenities to me, including, stating in substance, 'You're a scumbag. You spic[],'" conduct that caused complainant to be "annoyed and alarmed." Defendant's challenge to the "broad range of time for the alleged course of conduct" is unavailing. The offenses charged are characterized as continuing offenses since, by definition, they may be committed by multiple acts which occur over a period of time and, as a result, they can be comprised of time spans that might otherwise be considered unreasonably excessive (see People v Shack, 86 NY2d 529, 541 [1995]). Thus, the [*2]information, which charged defendant with continuing offenses over a 4—month period, provided defendant with fair notice of the time, place, and manner of the offenses that he was alleged to have committed, and a fair opportunity to answer the charges and to prepare a defense (see People v Watt, 81 NY2d 772, 774, [1993]; see also People v Sedlock, 8 NY3d 535 [2007]).
Nor was defendant deprived of fair notice when the People presented evidence that defendant, in addition to heaping verbal abuse, pushed a door at complainant and hit complainant with his bike pedal. This evidence did not change the theory of the case. Defendant was charged with engaging in a course of conduct intending to harass and annoy, that had no legitimate purpose, and which violated an order of protection, and the evidence adduced on the People's case was not at variance with these allegations (see People v Zurita, 64 AD3d 800, 801 [2009], lv denied 13 NY3d 840 [2009]; People v Martin, 46 Misc 3d 143[A], 2015 NY Slip Op 50183[U] [App Term, Second Dept, 9th and 10th Jud Dists 2015], lv denied 25 NY3d 1167 [2015]; see also People v Grega, 72 NY2d 489, 495-496 [1988]). Accordingly, defendant had "fair notice of what the People would attempt to prove" (People v Grega, 72 NY2d at 496; see People v D'Alessandro, 230 AD2d 656 [1996], lv denied 89 NY2d 863 [1996]).
We find no abuse of discretion in the court's Molineux (People v Molineux, 168 NY 264 [1901]) ruling. The evidence relating to the defendant's prior assault of the complainant, which resulted in defendant's prior conviction of harassment and the issuance of the order of protection at issue herein, was probative of defendant's intent and motive, provided necessary background information on the nature of the relationship between the parties, and placed the charged conduct in context (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Till, 87 NY2d 835, 837 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: December 31, 2018