Diagonal Realty LLC, Petitioner-Landlord-Respondent, 
against
Altagracia Arias, Respondent-Tenant, and Norma Quezada, Respondent-Appellant.




Respondent Norma Quezada appeals from a "decision/order" of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered June 4, 2018, after a nonjury trial, awarding possession to landlord in a holdover summary proceeding.




Per Curiam.
Appeal from "decision/order" (Anne Katz, J.), entered June 4, 2018, deemed an appeal from the ensuing final judgment (same court and Judge) entered June 12, 2018, and so considered (see CPLR 5520[c]), final judgment affirmed, without costs.
Giving due deference to the trial court's findings of fact and credibility, we find no cause to disturb the court's determination that respondent Norma Quezada failed to establish her entitlement to succeed to the rent stabilized tenancy of her mother, Altagracia Arias. The trial evidence established that tenant "retired" to the Dominican Republic in 1998, without notifying landlord of the change in circumstances. Notably, rent continued to be paid in tenant's name; respondent signed at least one renewal lease in her mother's name; and in a prior 2012 illegal sublet proceeding, tenant returned to the United States and, despite residing elsewhere, entered into a so-ordered probationary stipulation wherein she affirmatively stated "that she resides in the subject premises as her primary residence and will continue to do so." 
On these facts, respondent's succession claim was properly denied. Having continued to affirmatively represent that tenant was still primarily residing in the apartment, tenant cannot be found to have "permanently vacated" the apartment at any time prior to the expiration of the last [*2]lease renewal on December 31, 2012. During the immediately preceding two year period, there was no showing that respondent lived in the premises with tenant, since tenant was obviously not residing there (see Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532 [2012]; see also Matter of Well Done Realty, LLC v Epps, 177 AD3d 427 [2019]).
We acknowledge that there is a split in authority between the Appellate Divisions of the First and Second Department regarding when the "permanent vacating of the housing accommodation by the tenant" occurs (Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]; compare Matter of Well Done Realty, LLC v Epps, 177 AD3d at 428 and Third Lenox Terrace Assoc. v Edwards, 91 AD3d at 533 with Matter of Jourdain v New York State Div. of Hous. & Community Renewal, 159 AD3d 41 [2018], lv dismissed 34 NY3d 1009 [2019]). Clearly, we are bound by the law as promulgated in the Appellate Division, First Department, until the Court of Appeals makes a dispositive ruling on the issue (see D'Alessandro v Carro, 123 AD3d 1, 4 [2014]).
The record also supports the trial court's express findings that respondent and tenant "engaged in an extended persistent and systematic pattern of deception to conceal [tenant's] vacatur from 1998 through 2012," and that "due to the severity and duration of the fraudulent conduct" and "years of deceit," respondent waived her claim to succeed to the tenancy (see South Pierre Assoc. v Mankowitz, 17 Misc 3d 53 [App Term, 1st Dept 2007]). 
We have considered the remaining contentions on appeal and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2020