William 165 LLC v Sero-Boim (2021 NY Slip Op 50107(U))

[*1]

William 165 LLC v Sero-Boim

2021 NY Slip Op 50107(U) [70 Misc 3d 139(A)]

Decided on February 11, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 11, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, Brigantti, JJ.

20-159

William 165 LLC, 
 Petitioner-Landlord-Respondent,
against
Dan Sero-Boim a/k/a Dan Sero Boin, Respondent-Tenant, -and-
Anastacia Kurylo, Michael Kurylo, Respondents-Undertenants-Appellants, -and- "John Doe" and
"Jane Doe," Respondents-Undertenants.

Respondents-undertenants Anastacia Kurylo and Michael Kurylo appeal from that portion of
an order of the Civil Court of the City of New York, New York County (Frances A. Ortiz, J.),
dated May 13, 2020, which denied their cross motion to amend their answer in a holdover
summary proceeding.

Per Curiam.
Order (Frances A. Ortiz, J.), dated May 13, 2020, affirmed, with $10 costs.
Civil Court providently exercised its discretion in denying the motion of respondents
Anastacia Kurylo and Michael Kurylo for leave to amend their answer (see CPLR
3025[b]). Respondents' proposed succession defense is "palpably insufficient or clearly devoid of
merit" (MBIA Ins. Corp. v Greystone
& Co., Inc., 74 AD3d 499, 500 [2010]), since they cannot meet the eligibility
requirements for obtaining succession rights to the rent stabilized apartment at issue.
Specifically, respondents cannot show they resided with the tenant of record (Anastacia's father)
in the apartment as their primary residence for a period of no less than two years prior to tenant's
permanent vacatur of the apartment (see Rent Stabilization Code [9 NYCRR] §
2523.5[b][1]). In this regard, it is undisputed that tenant moved out of the apartment in 1998 and
established a residence elsewhere, but continued to execute renewal leases extending his tenancy
through December 2015. Thus, tenant cannot be found to have "permanently vacated" the [*2]apartment prior to the expiration of the last lease renewal on
December 31, 2015. Accordingly, respondents cannot show that they co-occupied the apartment
with tenant from 2013 to 2015, since tenant had been residing elsewhere since 1998 (see Matter of Well Done Realty, LLC v
Epps, 177 AD3d 427, 428 [2019]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533
[2012]). 
The cases cited by respondents as authority to support their succession defense are
distinguishable. In both 178 E. 70th St.
LLC v Woodward (66 Misc 3d 151[A], 2020 NY Slip Op 50299[U] [App Term, 1st
Dept 2020]) and BPP ST Owner LLC v
Nichols (63 Misc 3d 18 [App Term, 1st Dept 2019]), landlord was given formal notice
of tenant's departure and the family member's occupancy, and repeated requests were made to
landlord to add the family member(s) to the lease and/or issue a renewal lease to the putative
successor. On the facts now before this Court, no such notice was given to petitioner-landlord.
As we have noted in a prior case:
"there is a split in authority between the Appellate Divisions of the First and
Second Department regarding when the "permanent vacating of the housing accommodation by
the tenant" occurs (Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]; compare Matter
of Well Done Realty, LLC v Epps, 177 AD3d at 428 and Third Lenox Terrace Assoc. v
Edwards, 91 AD3d at 533 with Matter of Jourdain v New York State Div. of Hous. & Community
Renewal, 159 AD3d 41 [2018], lv dismissed 34 NY3d 1009 [2019]). Clearly, we
are bound by the law as promulgated in the Appellate Division, First Department, until the Court
of Appeals makes a dispositive ruling on the issue (see D'Alessandro v Carro, 123 AD3d 1, 4 [2014])" (Diagonal Realty LLC v Arias, 66 Misc
3d 150[A], 2020 NY Slip Op 50283[U] [App Term, 1st Dept 2020]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 11, 2021