21-947
*EVIP Canada, Inc. v. Schnader Harrison Segal & Lewis, LLP*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand twenty-two.

PRESENT:
>
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> BETH ROBINSON,
>
> *Circuit Judges*.

_____

EVIP CANADA, INC., TERRACAP VENTURES, INC.,

*Plaintiffs-Appellants*,

v.                                                                                    No. 21-947

SCHNADER HARRISON SEGAL & LEWIS, LLP, JOEL HANDEL,

*Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS: ANTHONY PRINCI (Frank S. Occhipinti, *on the brief*), Stewart Occhipinti, LLP, New York, NY.

FOR DEFENDANTS-APPELLEES: HOWARD I. ELMAN (David L. Barres, *on the brief*), Elman Freiberg PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs EVIP Canada, Inc. and Terracap Ventures, Inc. appeal the district court's dismissal of their legal malpractice claims against their former attorneys, Defendants Schnader Harrison Segal & Lewis, LLP and Joel Handel. As relevant here, Plaintiffs retained Defendants as legal counsel in connection with a joint venture with Brammo, Inc. to develop technology for electric vehicles. Plaintiffs allege that Defendants committed legal malpractice by failing to negotiate an agreement that would have prevented Brammo from later diluting the shares of preferred stock received by Plaintiffs as part of the joint venture. Because Plaintiffs assert that they would not have entered into the joint venture but for

2

Defendants' malpractice, Plaintiffs seek to recover the acquisition costs for the preferred shares in Brammo and the acquisition and maintenance costs for the intellectual property and related assets that Terracap assigned to the joint venture (the "IP Assets"). The district court granted Defendants' motion for summary judgment, concluding that Plaintiffs lacked standing to bring this action and, in any event, failed to establish all the essential elements of a legal malpractice claim. We review de novo a district court's analysis of Article III standing, *see Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021), and grant of summary judgment, *see Rubens v. Mason*, 527 F.3d 252, 254 (2d Cir. 2008).

To establish standing under Article III of the Constitution, a plaintiff must allege an injury in fact that is both "particularized" and "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. ——, ——, 141 S. Ct. 2190, 2206 (2021).

Defendants contend that Plaintiffs did not sustain any monetary injury, and therefore lack standing to sue, because the cash used to purchase the preferred shares in Brammo and the IP Assets came from Plaintiffs' affiliates – including their principal, Larry Krauss – and not Plaintiffs themselves. But Plaintiffs clearly allege monetary harm to their private property – the preferred shares in Brammo owned by EVIP and the IP Assets assigned to the joint venture by Terracap – which is a sufficient "basis for a lawsuit in American courts." *TransUnion*, 141 S. Ct. at 2206. Put simply, Plaintiffs assert that Defendants failed to include a minority approval provision in the agreement they negotiated with Brammo, and failed to apprise Plaintiffs of that fact, thereby inducing Plaintiffs to execute a transaction that left EVIP owning preferred shares that were eventually diluted and Terracap contributing IP Assets that were rendered "essentially worthless." Pls.' Br. at 2. Regardless of the source of the cash used to purchase the preferred shares or the IP Assets – whether Krauss, a bank, a rich uncle, or lottery winnings – Plaintiffs have sufficiently alleged an injury in fact that is both "particularized" and "concrete." *Spokeo*, 578 U.S. at 340.

Defendants alternatively rely on the doctrine of corporate separateness, arguing that Plaintiffs cannot "reverse-pierce" the corporate veil to sue for

4

damages sustained by their affiliates. Defs.' Br. at 26. But this is really just the same argument in different clothing. Again, it is undisputed that Plaintiffs retained Defendants in connection with the joint venture. It is equally undisputed that Plaintiffs owned the preferred shares and IP Assets that were devalued due to Defendants' alleged malpractice. Consequently, Plaintiffs need not pierce the corporate veil to demonstrate an injury in fact, as they are asserting economic harm to assets that they own, allegedly caused by the malpractice of counsel that they themselves retained. *See TransUnion*, 141 S. Ct. at 2206 (stating that, under Article III's standing doctrine, a "plaintiff [who] has suffered concrete harm to her property" can "of course proceed in federal court"). The district court therefore erred in finding that Plaintiffs lacked standing to bring this suit.

We nonetheless affirm the district court's grant of summary judgment because Plaintiffs failed to establish that Defendants breached their duty of care owed to Plaintiffs. To maintain a cause of action for legal malpractice under New York law, a plaintiff must establish "that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused

5

plaintiff to sustain actual and ascertainable damages." *Dombrowski v. Bulson*, 19 N.Y.3d 347, 350 (2012) (internal quotation marks omitted).

Plaintiffs offer two main theories of breach. First, Plaintiffs claim that Defendants should have negotiated and secured for them a minority approval provision in the closing documents to neutralize the majority shareholders' ability to waive any anti-dilution protection. Second, Plaintiffs claim that absent such a minority approval provision, Defendants should not have advised them that the closing documents were "ok" to sign. J. App'x at 1456. But the record shows that Plaintiffs understood the implications of a minority approval provision, that they were aware that the closing documents lacked such a provision, that they asked Brammo directly for a minority approval provision three days before closing, that Brammo declined their request, and that Plaintiffs nevertheless remained eager to close the transaction. Under these circumstances, it cannot be said that Defendants breached their duty of care by (1) not making the same request that Plaintiffs had already made, and which Brammo had already declined; or (2) not reminding Plaintiffs of what they obviously already knew. *See Hall Dickler Kent Goldstein & Wood v. Coleman*, 798 N.Y.S.2d 375, 376 (1st Dep't 2005) (a legal malpractice claim should not be a "stratagem to shift the blame" for

a party's error in judgment onto its counsel).   The district court therefore did not err in granting summary judgment on Plaintiffs' malpractice claims.

We have considered all of Plaintiffs' remaining arguments and have found them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>