Healy v Kruger (2026 NY Slip Op 01459)

Healy v Kruger

2026 NY Slip Op 01459

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 656130/20|Appeal No. 6120|Case No. 2024-06949|

[*1]Dr. Kirsten O. Healy, Plaintiff-Appellant,
vDr. Bernard Kruger, Defendant-Respondent.

Altman & Company P.C., Southhampton (Steven Altman of counsel), for appellant.
Davidoff Hutcher & Citron LLP, New York (Joshua Krakowsky of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about September 30, 2024, which granted defendant's motion for summary judgment dismissing plaintiff's fraud claim, unanimously affirmed, without costs.
Plaintiff seeks not only to appeal from the order dismissing her fraud claim, but for vacatur of a previous Supreme Court order that dismissed her causes of action for breach of contract, breach of the duty of good faith and fair dealing, and account stated, on the basis that the transaction that is the basis of this dispute was an illegal fee-splitting arrangement in violation of Education Law § 6509-a. However, while plaintiff noticed an appeal from that order, she did not perfect it, and the appeal has been administratively dismissed. Accordingly, all arguments that could have been raised on that appeal are barred (see Bray v Cox, 38 NY2d 350, 353 [1976]). To the extent we have the authority to entertain the previous appeal notwithstanding its dismissal, we decline to exercise it (see Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]).
We agree with Supreme Court that the illegality of the agreement precluded plaintiff from asserting a fraud claim, given that the claim had a direct connection to the illegal agreement (see Village Taxi Corp. v Beltre, 91 AD3d 92, 101 [2d Dept 2011]). Further, plaintiff failed to show that she suffered an out-of-pocket loss. The measure of such a loss is "the difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain" (Rather v CBS Corp., 68 AD3d 49, 58 [1st Dept 2009], lv denied 13 NY3d 715 [2010] [internal quotation marks omitted]). Here, plaintiff alleges that she spent $1.7 million to purchase and renovate an office in connection with the purchase of defendant's practice. However, plaintiff has presented no evidence that the renovated office was worth less than what she paid for it. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026