■  MOUNT VERNON AMUSEMENT Co., INC., Respondent, v. GEORGIAN RESTAURANT CORP., OPERATING RACEWAY DINER, Appellant.— Appeal by defendant (by permission) from so much of an order of the Appellate Term, Second Judicial Department, dated March 31, 1967, as modified an order of the County Court, Westchester County, dated November 2, 1966, by granting plaintiff's motion insofar as it was to dismiss defendant's first affirmative defense. Order affirmed insofar as appealed from, with $10 costs and disbursements. On November 17, 1960, defendant entered into a written contract with plaintiff's assignor, Modern Cigarette Machine Service, Inc., Modern was to "install, operate and service a vending machine" for the sale of cigarettes at defendant's restaurant. Defendant was to receive a stated commission on each package of cigarettes so sold. The initial contract period was to be five years, after which it was to be "automatically renewed for the same period * * * unless terminated by written notice by either party to the other at least thirty (30) days prior to the end of the contract period." Modern assigned the contract to plaintiff on April 24, 1962. The complaint alleges that on or about May 10, 1966, after the contract had been automatically renewed, defendant breached the contract. Defendant raised three affirmative defenses, the first of which was that the contract was unenforcible since plaintiff had failed to give written notice of the existence of the renewal provision as required by section 5–903 of the General Obligations Law. The County Court denied plaintiff's motion to dismiss the first and second defenses. The Appellate Term modified by granting the motion insofar as it was to dismiss

the first defense, holding that the subject contract was not of the type encompassed by section 5–903. This court has held that "The words 'service, maintenance or repair' in section 5–903 are to be generously read in order that their scope will engage the variegated evil the statute was intended to meet" (*Telephone Secretarial Serv.* v. *Sherman,* 28 A D 2d 1010, 1011). In the case at bar, there was clearly a "service" to personal property in that plaintiff was obligated to service, maintain, and stock the vending machine. Furthermore, the service supplied by plaintiff was "to or for * * * real or personal property" (General Obligations Law, § 5–903), to wit: defendant's restaurant. The subject contract, therefore, is of the type encompassed by the statute. Nevertheless, section 5–903 applies only to contracts "executed or renewed after October [1, 1961]" (General Obligations Law, § 1–203, subd. 11). It is defendant's contention that the word "renewed" means *renewable,* hence, that section 5–903 applies to all purported automatic renewals occurring after October 1, 1961, irrespective of the date the contract was executed. Such a construction would render the words "executed or renewed" superfluous. If the construction urged by defendant was intended, section 1–203 would have provided that section 5–903 is applicable to all automatic renewals after October 1, 1961. No reference to contracts "executed or renewed" after that date would have been necessary. The manifested intent was to leave contract rights which were created prior to the operative date of the statute unaffected and to engraft the notice requirement only upon contract rights springing into existence thereafter. In this context, a "renewed" contract is the equivalent of a newly "executed" contract in the sense that *new* rights and obligations are created thereby; and, with respect to any automatic renewal effective thereafter, the statute's notice requirement would obtain. It follows that section 5–903 was not intended to apply to the *first* automatic renewal which may occur pursuant to a contract executed prior to October 1, 1961; for, to do so would result in the impairment of contract rights which were created prior to the operative date of the statute. Accordingly, section 5–903 has no application to the case at bar. Christ, Acting P. J., Brennan, Munder and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse the order insofar as appealed from and to deny plaintiff's motion to dismiss the first affirmative defense, with the following memorandum: In my opinion, section 5–903 of the General Obligations Law applies, as expressly so stated in subdivision 11 of section 1–203 of that statute, to any contract "executed or renewed" after October 1, 1961, and it matters not whether the renewal after that date be the first or the fiftieth. To construe the statute as inapplicable to a first renewal is to read into it something that is not there and obviously was not intended to be there, since the Legislature could easily have so stated in explicit words if that was indeed its intention. Nor can I agree with the majority's view that application of that statute to a first renewal would impair contract rights created prior to the statute's effective date. In my opinion, the statutory requirement of notice in no way impairs any rights under the contract, since it remains fully in effect, unaltered and with all its provisions intact, once that notice has been given.