■ NYDIC/WESTCHESTER MOBILE MRI ASSOCIATES, L.P., et al., Appellants, v LAWRENCE HOSPITAL, Respondent. [662 NYS2d 593] —In an action to recover damages for breach of contract, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated November 18, 1996, which denied their motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to an agreement dated July 13, 1988, New York Diagnostic Imaging Corp., Inc. (hereinafter NYDIC), agreed to provide and maintain a mobile magnetic resonance imaging system (hereinafter MRI) at Lawrence Hospital in Bronxville, New York (hereinafter the Hospital). In return, the Hospital promised to provide a parking area for the MRI, electrical and telephone connections, security, office space, and a patient waiting room. The agreement was subsequently assigned to NYDIC/Westchester Mobile MRI Associates, L.P. (hereinafter NYDIC/Westchester), a limited partnership formed to finance the acquisition of the MRI. NYDIC/Westchester paid the Hospital a fee for the use of its property, and physicians affiliated with the Hospital referred patients to the MRI facility for diagnostic testing. KAAP Associates, Inc., a company affiliated with NYDIC, handled the billing.

The agreement provided for an initial term of 66 months with automatic one-year extensions unless either party served a written notice of nonrenewal 90 days before the end of the term. The MRI facility began operations in July 1989 and the initial term was scheduled to expire on January 31, 1995. Thus, the Hospital was obligated to serve a written notice of nonrenewal by November 4, 1994, in order to prevent the automatic extension of the agreement for an additional year.

In December 1994, the Hospital installed its own MRI and prevented NYDIC from gaining access to the parking area after January 31, 1995. Shortly thereafter, NYDIC/Westchester and the billing company, KAAP Associates, Inc., sued the Hospital for breach of contract. When the plaintiffs moved for summary judgment on the issue of liability, the Hospital cross-moved for summary judgment dismissing the complaint. The Hospital claimed that it notified NYDIC/Westchester by letter of its intention not to renew the agreement long before the expiration of the first term. We agree with the Supreme Court that nothing in that letter could reasonably be construed as notice that the agreement would not be renewed.

Nevertheless, the Supreme Court properly granted the Hospital's cross motion for summary judgment on the ground that the plaintiffs failed to comply with General Obligations Law § 5-903, which required them to serve the Hospital with a written reminder of the automatic renewal provision in the agreement at least 15 days and not more than 30 days prior to the deadline for the notice of nonrenewal. It is undisputed that the plaintiffs failed to serve the statutory notice. Instead, they contend that the subject agreement does not fall within the purview of General Obligations Law § 5-903, which applies to contracts for the service, maintenance or repair of real or personal property. We disagree.

In general, the courts have construed General Obligations Law § 5-903 broadly, holding that "[t]he words 'service, maintenance or repair' * * * are to be generously read in order that their scope will engage the variegated evil the statute was intended to meet" (*Telephone Secretarial Serv. v Sherman*, 28 AD2d 1010, 1011). Thus, the statute has been applied to a variety of service contracts (*see, e.g., Associated Press v Riddle*, 496 F Supp 119 [wire news service]; *Associated Press v Berger*, 460 F Supp 1003; *Mount Vernon Amusement Co. v Georgian Rest. Corp.*, 30 AD2d 823 [cigarette vending machine]; *Telephone Secretarial Serv. v Sherman, supra* [telephone answering service]).

In the present case, NYDIC expressly agreed to provide and

maintain a mobile MRI at the Hospital, together with a professional staff to operate the MRI, a manufacturer's service agreement, an insurance policy, and billing services. In light of these contractual obligations, the agreement fell squarely within the meaning of General Obligations Law § 5-903 and the plaintiffs' failure to give the statutory notice rendered the automatic renewal provision unenforceable. Accordingly, the Hospital was entitled to summary judgment dismissing the complaint. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.