■ WILLIAM JOHNSON, Plaintiff, v UNIFIRST CORPORATION, Defendant and Third-Party Plaintiff-Respondent. DERRICK CORPORATION, Third-Party Defendant-Appellant. [889 NYS2d 349]—

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered March 6, 2009 in a personal injury action. The order denied the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the third-party complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking dam-

ages for injuries he sustained when, during the course of his employment as a welder for third-party defendant, Derrick Corporation (Derrick), the uniform he was wearing caught fire. The uniform was rented by Derrick from defendant-third-party plaintiff, UniFirst Corporation (UniFirst), which commenced the third-party action against Derrick seeking contractual indemnification.

Supreme Court erred in denying Derrick's motion for summary judgment dismissing the third-party complaint. Pursuant to Workers' Compensation Law § 11, a third-party action for indemnification against an employer for injuries sustained by its employee in a work-related accident is barred unless the employee sustains a grave injury or the claim for indemnification is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the . . . person asserting the cause of action for the type of loss suffered" (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 430 [2005]). It is undisputed that plaintiff did not sustain a grave injury within the meaning of the statute, and Derrick established as a matter of law that its written contract with UniFirst containing the indemnification provision had expired and thus was not in effect at the time of plaintiff's accident (*see LaFleur v MLB Indus., Inc.*, 52 AD3d 1087, 1088 [2008]; *Guijarro v V.R.H. Constr. Corp.*, 290 AD2d 485, 486 [2002]).

UniFirst may not rely upon the automatic renewal provision of the written contract, i.e., the Customer Service Agreement, because UniFirst did not comply with its statutory obligation to provide timely written notice to Derrick "calling [its] attention" to that provision (General Obligations Law § 5-903 [2]; *see NYDIC/Westchester Mobile MRI Assoc. v Lawrence Hosp.*, 242 AD2d 686, 688 [1997], *lv denied* 91 NY2d 807 [1998]). We reject the further contention of UniFirst that General Obligations Law § 5-903 (2) does not apply herein. The customer service agreement, which provides that UniFirst must clean, inspect, repair and deliver uniforms to Derrick, in fact constitutes an agreement for "service, maintenance or repair to or for . . . personal property" within the meaning of the statute, thus rendering applicable the notice of renewal provision (*id.*; *see NYDIC/Westchester Mobile MRI Assoc.*, 242 AD2d at 687; *Telephone Secretarial Serv. v Sherman*, 28 AD2d 1010, 1011 [1967]). Contrary to the further contention of UniFirst, Derrick did not waive its statutory right to timely written notice based on its course of dealing with UniFirst. Were we to allow Derrick to waive the benefit of the statute through its course of dealing,

we would effectively "nullify the only purpose of [General Obligations Law § 5-903 (2)], which is to render such [automatic renewal provisions unenforceable] unless the statutory notice is given" (*Boyd H. Wood Co. v Horgan*, 291 NY 422, 425 [1943]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.