# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

634

CA 12-01577

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

GRANT MEABON, PLAINTIFF,

                V                             MEMORANDUM AND ORDER

TOWN OF POLAND, DEFENDANT.
--------------------------------------
TOWN OF POLAND, THIRD-PARTY
PLAINTIFF-RESPONDENT,

                V

SHERWOOD A. CHAPMAN, DOING BUSINESS
AS CADILLAC CARPENTRY, THIRD-PARTY
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

KENNEY SHELTON LIPTAK & NOWAK, LLP, BUFFALO (MELISSA A. FOTI OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

BENDER & BENDER, LLP, BUFFALO (THOMAS W. BENDER OF COUNSEL), FOR
THIRD-PARTY PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered May 14, 2012. The order, insofar as
appealed from, granted that part of the motion of third-party
plaintiff for partial summary judgment on the first cause of action in
the third-party complaint and denied the cross motion of third-party
defendant for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion of
defendant-third-party plaintiff insofar as it sought partial summary
judgment on the first cause of action in the third-party complaint is
denied and the cross motion of third-party defendant for summary
judgment dismissing the third-party complaint is granted.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries that he allegedly
sustained while constructing a pole barn for defendant-third-party
plaintiff, Town of Poland (Town). Plaintiff, an employee of third-
party defendant, Sherwood A. Chapman, doing business as Cadillac
Carpentry (Cadillac), was injured when he slipped and fell from the
roof of the structure. In appeal No. 1, Cadillac, as limited by its
brief, appeals from an order granting that part of the Town's motion

for partial summary judgment on the first cause of action in the third-party complaint, for contractual indemnification from Cadillac, and denying its cross motion for summary judgment dismissing the third-party complaint.  In appeal No. 2, Cadillac appeals from an order denying its motion for leave to renew its cross motion pursuant to CPLR 2221.

We agree with Cadillac that Supreme Court erred in granting that part of the Town's motion with respect to contractual indemnification from Cadillac, and in denying its cross motion for summary judgment dismissing the third-party complaint.  "Workers' Compensation Law § 11 prohibits a third-party action against an employer unless the plaintiff sustained a grave injury or there is 'a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution or indemnification of the [third-party plaintiff]' " (*Rodriguez v Seven Seventeen HB Buffalo Corp.*, 56 AD3d 1280, 1281, quoting *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 367, *rearg denied* 5 NY3d 746; *see also Johnson v UniFirst Corp.*, 67 AD3d 1442, 1443).  The Town concedes that plaintiff did not suffer a "grave injury," and that it is entitled to indemnification only if it can demonstrate the existence of a written contract.

"When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491).  We note, however, that "a clause in a [contract] executed *after* a plaintiff's accident may nevertheless be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work was made as of [a pre-accident date], and that the parties intended that it apply as of that date" (*Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1421-1422).  Here, Cadillac met its initial burden on its cross motion by establishing as a matter of law that, although there was a contract between the parties, it was executed nearly a week after plaintiff's accident.  Although the contract is not dated, i.e., the parties left blank a space to be filled in with the date on which the contract was "made," we conclude that other language in the contract makes clear that it became effective on the date on which the parties entered into the contract.  Thus, Cadillac established that the parties did not intend that the contract be applied retroactively (*cf. Pena v Chateau Woodmere Corp.*, 304 AD2d 442, 444, *appeal dismissed* 2 AD3d 1488), and the Town failed to raise a triable issue of fact whether the contract should be applied retroactively to the time of plaintiff's accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We also agree with Cadillac that the Town failed to meet its initial burden on its motion, or to raise a triable issue of fact in response to Cadillac's cross motion, whether a "course of conduct" between the parties gave rise to a contract for indemnification.  Although the Town initially argued such "course of conduct" based on the fact that Cadillac was to provide it with a certificate of insurance or to name it as an insured on an insurance policy (*cf.*

*Kinney v Lisk Co.*, 76 NY2d 215, 218; *Rodriguez*, 56 AD3d at 1281), the Town has conceded on appeal that Cadillac was not required to provide it with insurance coverage.

Furthermore, inasmuch as the Town's concession constitutes an abandonment of its remaining cause of action in the third-party complaint, we conclude that the court erred in denying Cadillac's cross motion for summary judgment dismissing the third-party complaint. In light of our determination, we dismiss as moot the appeal from the order in appeal No. 2 concerning Cadillac's motion for leave to renew its cross motion (*see generally Elinski v Niagara Falls Coach Lines, Inc.*, 101 AD3d 1722, 1723).

Entered:  July 19, 2013                      Frances E. Cafarell
                                             Clerk of the Court