# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1207**

**CA 13-00577**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CIPRIANA MARTINEZ, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

WILLIAM T. MURDOCK AND EMILY A. MURDOCK,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

LAW OFFICES OF MARC JONAS, UTICA (JASON D. FLEMMA OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SANTACROSE & FRARY, ALBANY (ELISE CASSAR OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered January 7, 2013. The order granted that part of defendants' motion to vacate plaintiff's note of issue and certificate of readiness.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle in which she was a passenger was struck by a vehicle owned by defendant Emily A. Murdock and operated by defendant William T. Murdock. Following the discovery of documents and the depositions of the parties, plaintiff served defendants on or about March 26, 2012 with a notice of availability for medical examination pursuant to 22 NYCRR 202.17 (notice), which set forth May 4, 2012 as the date of plaintiff's availability for the medical examination. Defendants scheduled the medical examination for June 11, 2012, but plaintiff advised defendants that she would not appear for it because the date was beyond the time frame of "not less than 30 nor more than 60 days after service of th[e] notice," as set forth in 22 NYCRR 202.17 (a) and recited in the notice. Plaintiff did not appear for the scheduled medical examination and, on July 6, 2012, filed her note of issue and certificate of readiness. In appeal No. 1, plaintiff appeals from an order granting that part of defendants' motion to vacate her note of issue and certificate of readiness and, in appeal No. 2, plaintiff appeals from that part of an order granting those parts of the same motion for an order compelling plaintiff to appear for a medical examination and affording defendants an extension of time in which to file any "dispositive motions."

We reject plaintiff's contention in appeal No. 1 that Supreme Court abused its discretion in striking the note of issue and certificate of readiness. Pursuant to 22 NYCRR 202.1 (b), the court "[f]or good cause shown, and in the interests of justice . . . may waive compliance with any of the rules in this Part, other than sections 202.2 and 202.3, unless prohibited from doing so by statute or by a rule of the Chief Judge." We conclude that the court properly waived the time requirements of 22 NYCRR 202.17 (a) in the interests of justice because defendants established good cause by showing that the medical examination was scheduled to occur only 16 days after plaintiff's notice expired, and plaintiff did not establish that she was prejudiced by the extension of time (*see generally Hall & Co. v Steiner & Mondore*, 147 AD2d 225, 227).

In light of our determination in appeal No. 1 that the note of issue and certificate of readiness was properly vacated, there is no bar to the continuance of discovery (*see generally Furrukh v Forest Hills Hosp.*, 107 AD3d 668, 669), or to the filing of "dispositive motions" by defendants (*see generally* CPLR 3212 [a]). We therefore dismiss as moot plaintiff's appeal from the order in appeal No. 2 (*see generally Meabon v Town of Poland*, 108 AD3d 1183, 1185).

Entered: November 15, 2013                    Frances E. Cafarell
                                              Clerk of the Court