*576 OPINION OF THE COURT
Thomas A. Stander, J.
The defendant, Weldeab O. Tsegay, submits a motion seeking an order striking the plaintiff’s notice pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.17 dated May 8, 2015, and for such other and further relief in favor of the defendant as this court deems just, proper and equitable. The plaintiff, Tina Whitley, submits a cross motion to compel disclosure of the property damage claim file.
Counsel for the plaintiff withdrew the motion to compel disclosure by letter of July 15, 2015 because counsel for the defendant supplied the estimates and photographs requested. Counsel notes that no statements taken pertaining to the occurrence of the accident were disclosed, but based on the substantial compliance withdrew the motion. The cross motion to compel of the plaintiff is withdrawn.
This is an action based on injuries from a motor vehicle accident on March 21, 2014. The complaint was filed December 2, 2014, and the answer was served January 30, 2015. Plaintiff provided medical reports in response to discovery demands and served her bill of particulars on March 23, 2015. Defendant was advised that plaintiffs no-fault benefits had been exhausted, evidenced by the denial of claim form dated April 10, 2015.
On May 11, 2015 defense counsel received plaintiff’s notice pursuant to rule 202.17. The Uniform Rules for Trial Courts provide as follows:
“Section 202.17. Exchange of medical reports in personal injury and wrongful death actions
“Except where the court otherwise directs, in all actions in which recovery is sought for personal injuries, disability or death, physical examinations and the exchange of medical information shall be governed by the provisions hereinafter set forth.
“(a) At any time after joinder of issue and service of a bill of particulars, the party to be examined or any other party may serve on all other parties a notice fixing the time and place of examination. Unless otherwise stipulated, the examination shall be held not less than 30 nor more than 60 days after service of the notice. If served by any party other than the party to be examined, the notice shall name the examining medical provider or providers. If the notice is served by the party to be examined, *577 the examining parties shall, within five days of receipt thereof, submit to the party to be examined the name of the medical providers who will conduct the examination. Any party may move to modify or vacate the notice fixing the time and place of examination or the notice naming the examining medical providers, within 10 days of the receipt thereof, on the grounds that the time or place fixed or the medical provider named is objectionable, or that the nature of the action is such that the interests of justice will not be served by an examination, exchange of medical reports or delivery of authorizations” (22 NYCRR 202.17 [a] [emphasis added]).
The plaintiff’s notice pursuant to rule 202.17 states:
“PLEASE BE ADVISED that pursuant to Part 202 of the Uniform Civil Rules for the Supreme Court of the State of New York, § 202.17 (a), Plaintiff hereby fixes within THIRTY (30) to SIXTY (60) days as the scheduled date and time for Plaintiff, TINA D. WHITLEY, to undergo a physical examination by a physician of Defendant [’s] choice for the injuries alleged in the above entitled action, provided that said examination take place within the County of Monroe County, State of New York.”
In accordance with the time frame set forth in 22 NYCRR 202.17 (a), the defendant moved to vacate the plaintiff’s notice for the medical exam.
The defendant argues that the notice is premature, unreasonable and overly burdensome because it notices the exam for not less than 30 and not more than 60 days from the date. Defendant asserts that these dates are before the deposition of any party. Counsel for the defendant concludes that she is not ready to schedule an exam of plaintiff as defendant hasn’t had an opportunity to complete discovery.
The court has discretion regarding discovery under 22 NYCRR 202.17. The rule establishes that a plaintiff may serve a notice fixing the time and place of a medical exam “[a]t any time after joinder of issue and service of a bill of particulars” (22 NYCRR 202.17 [a]). The plaintiff’s notice was served after issue was joined and the bill of particulars was served. There is no requirement that discovery be completed prior to this notice being served and complied with by the opposing party. Further the defendant fails to assert any of the grounds to vacate the notice set forth in the rule. The time frame of “not *578 less than thirty days or more than 60 days” is exactly what is authorized by the rule. The notice provides the defendant with the ability to set the specifics of the date, time and place within the parameters of 30 to 60 days after the notice.
The rule allows a motion to vacate on the grounds that the time or place fixed or the medical provider named is objectionable, or that the nature of the action is such that the interests of justice will not be served by an examination (22 NYCRR 202.17 [a]). The plaintiffs notice fixes the time frame as between 30 to 60 days and fixes the place as within Monroe County. These are not objectionable. The nature of the action is not such that the interests of justice will not be served by an examination. In fact, having the examination will serve the interests of justice. Also, the plaintiff would be prejudiced by the delay if the notice is vacated because she has exhausted the no-fault benefits for medical care and it is in the interests of justice to have this matter proceed expeditiously in accordance with the purposes of 22 NYCRR 202.17 (see Martinez v Murdock, 111 AD3d 1443 [4th Dept 2013]; Leugemors v Slawinski, 255 AD2d 913 [4th Dept 1998]; Young v Tops Mkts., 283 AD2d 923 [4th Dept 2001]). The defendant fails to show any good cause for the delay in conducting the exam, as completion of discovery is not required for an independent medical examination (IME), and fails to show that there is no prejudice to the plaintiff (Young at 924).
Further, it is noted that the defendant filed this motion in the middle of May 2015. This decision is being rendered on July 31, 2015. The defendant has had 2V2 months (plus the time now allowed in this decision before the IME must be conducted) to complete any discovery he felt necessary prior to the examination.
The motion of the defendant to vacate the notice pursuant to rule 202.17 is denied. In the discretion of the court, the defendant shall comply with the notice pursuant to rule 202.17 to set the exam of the plaintiff not less than 30 days or more than 60 days from the date of this decision and order.
Order
Based upon all the papers submitted in support and in opposition to this motion, upon the above decision, and after due deliberation, it is hereby ordered that the motion of the defendant, Weldeab O. Tsegay, to vacate the plaintiff’s notice pursuant to rule 202.17 dated May 8, 2015 is denied.