■ BANK OF NEW YORK MELLON, Formerly Known as THE BANK OF NEW YORK, as Trustee for CHASE MORTGAGE FINANCE TRUST SERIES 2006-S2, Respondent, v ARIF IZMIRLIGIL, Appellant, et al., Defendants. [42 NYS3d 270]—

In an action, inter alia, to foreclose a mortgage, the defendant Arif Izmirligil appeals from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated January 28, 2014, which granted the plaintiff's motion to be relieved of any obligation to comply with the attorney affirmation requirement of Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts and 22 NYCRR 202.12-a (f), and (2) an order of the same court dated May 20, 2014, which denied his motion for recusal.

Ordered that the order dated January 28, 2014, is reversed, on the law, and the plaintiff's motion to be relieved of any obligation to comply with the attorney affirmation requirement of Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts and 22 NYCRR 202.12-a (f) is denied; and it is further,

Ordered that the appeal from the order dated May 20, 2014, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In 2009, the plaintiff commenced this action to foreclose a mortgage executed in 2006 by the defendant Arif Izmirligil (hereinafter the defendant) to secure a note in the principal sum of $1.1 million. In September 2013, the plaintiff moved to be relieved of any obligation to comply with the attorney affirmation requirement of Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts and 22 NYCRR 202.12-a (f). In an order dated January 28, 2014, the Supreme Court granted the motion, concluding that the subject Administrative Orders were invalid because the Chief Administrative Judge acted beyond her authority in issuing them (*see Bank of N.Y. Mellon v Izmirligil*, 43 Misc 3d 409 [Sup Ct, Suffolk County 2014]). We reverse.

In 2008, the New York State Legislature, in response to widespread "robo-signing" of affidavits, responded by enacting comprehensive legislation concerning the residential foreclosure process (*see* L 2008, ch 472; L 2009, ch 507). The legislation imposed new notice and other requirements on mortgage lenders and servicers (*see* L 2008, ch 472; L 2009, ch 507). It also created a mandatory settlement conference procedure whereby the parties must negotiate in good faith to agree on a loan modification, if possible (*see* CPLR 3408 [a], [f]), and to which the plaintiff was required to bring certain underlying documents, while the defendant was required to bring, inter alia, proof of income (*see* CPLR 3408 [e]).

In addition, on October 20, 2010, the Chief Administrative Judge of the Courts issued Administrative Order AO/548/10, "effective immediately," requiring a plaintiff's attorney in certain mortgage foreclosure actions to submit an affirmation confirming the factual accuracy and the accuracy of notarizations of all filings in support of foreclosure (*see Aurora Loan Servs., LLC v Gross*, 139 AD3d 772 [2016]; *Wachovia Bank, N.A. v Akojenu*, 138 AD3d 1112 [2016]). Administrative Order AO/548/10 stated that the plaintiff's counsel in a residential mortgage foreclosure action "shall file" an affirmation with the court confirming that he or she communicated with a representative of the plaintiff, who informed counsel that he or she "(a) has personally reviewed plaintiff's documents and records relating to this case; (b) has reviewed the Summons and Complaint, and all other papers filed in this matter in support of foreclosure; and (c) has confirmed both the factual accuracy of these court filings and the accuracy of the notarizations contained therein" (*see U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 909 [2013]). For new cases, Administrative Order AO/548/10

provided that the affirmation must accompany the request for judicial intervention (*see* 1-2 Bergman on New York Mortgage Foreclosures § 2.01). Where a residential mortgage foreclosure action was pending on the effective date of Administrative Order AO/548/10, and no judgment of foreclosure had been entered, Administrative Order AO/548/10 provided that the affirmation must be filed "at the time of filing either the proposed order of reference or the proposed judgment of foreclosure" (*see U.S. Bank, N.A. v Ramjit*, 125 AD3d 641, 642 [2015]; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225 [2014]; *Wells Fargo Bank, N.A. v Hudson*, 98 AD3d 576, 577 [2012]). Where a judgment of foreclosure had been entered but the property had not yet been sold, the affirmation was required to be filed "five business days before the scheduled auction, with a copy to be served on the referee" (*see U.S. Bank N.A. v Eaddy*, 109 AD3d at 909).

In January 2011, 22 NYCRR 202.12-a was amended to add subsection (f), which allows the Chief Administrator of the Courts to continue to require counsel to file affidavits or affirmations confirming the scope of inquiry and the accuracy of papers filed in residential mortgage foreclosure actions.

On March 2, 2011, Administrative Order AO/548/10 was replaced by Administrative Order AO/431/11, retroactively effective November 18, 2010, which revised the form for the required attorney affirmation (*see Aurora Loan Servs., LLC v Gross*, 139 AD3d at 772-773; *Emigrant Sav. Bank-Brooklyn/Queens v Makinano*, 126 AD3d 934 [2015]). Administrative Order AO/431/11 requires a plaintiff's attorney in a residential mortgage foreclosure action to file an affirmation indicating that he or she communicated with a representative of the plaintiff, and that the representative informed the attorney "that he/she/they (a) personally reviewed plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith" (*see Wells Fargo Bank, N.A. v Watanabe*, 136 AD3d 1413, 1414 [2016]). The order incorporated two forms for this purpose—an affirmation to be filed by the plaintiff's counsel ("shall file"), and an affidavit to be filed by the plaintiff's representative ("may file") (*see Wells Fargo Bank, N.A. v Pabon*, 138 AD3d 1217 [2016]).

On August 1, 2013, the Chief Administrative Judge issued Administrative Order AO/208/13, "effective immediately," which

directs that the provisions of Administrative Order AO/431/11 "shall not apply to residential mortgage foreclosure actions commenced on or after August 30, 2013." In actions commenced prior to August 30, 2013, "where no affirmation has been filed pursuant to AO/431/11," Administrative Order AO/208/13 states that the "plaintiff's counsel may either (1) comply with AO/431/11, or (2) file with the court at the time of the filing of the Request for Judicial Intervention a certificate of merit whose contents are described in section 3012-b (a) of the Civil Practice Law and Rules" (*see Wells Fargo Bank, N.A. v Pabon*, 138 AD3d at 1218 n 3; Patrick M. Connors, 2013 Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3012-b).

CPLR 3012-b, effective August 30, 2013 (*see* L 2013, ch 306, § 1), provides, in relevant part, that "the complaint shall be accompanied by a certificate, signed by the attorney for the plaintiff, certifying that the attorney has reviewed the facts of the case and that, based on consultation with representatives of the plaintiff identified in the certificate and the attorney's review of pertinent documents, . . . to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents" (CPLR 3012-b [a]). CPLR 3012-b authorizes, but does not require, dismissal of the action, "without prejudice," as a sanction for the "willful[ ]" failure to provide copies of the necessary documents at the time of the filing of the complaint (CPLR 3012-b [e]).

Contrary to the Supreme Court's determination, the Chief Administrative Judge was not acting ultra vires in issuing Administrative Orders AO/548/10 and AO/431/11 (hereinafter together the Administrative Orders), but pursuant to authority delegated by the Legislature to adopt rules and orders regulating practice in the courts after consulting with the administrative board (*see* NY Const, art VI, § 30; Judiciary Law § 212 [2] [d]; *cf. Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 6 [1986]). Moreover, the attorney affirmation itself is not substantive (*see LaSalle Bank, NA v Pace*, 100 AD3d 970, 971 [2012]) and, thus, is within the authority of the Chief Administrative Judge to promulgate rules of procedure.

In addition, that the Legislature manifested a clear intent to apply the certificate of merit requirement of CPLR 3012-b only to those actions commenced on or after August 30, 2013, does not manifest an intent by the Legislature to relieve a plaintiff's counsel of the affirmation requirement in actions commenced prior to August 30, 2013. Had the Legislature intended to

regulate the area of then-pending mortgage foreclosure actions by obviating the need for any such affirmation, it easily could have done so (*see Matter of Luis C.*, 124 AD3d 109, 118 [2014]). That the Legislature elected not to legislate comprehensively permits the reasonable inference that it had no strong objection to the extant administratively regulated practice (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 74). This construction is buttressed by the fact that CPLR 3012-b imposes similar obligations on the plaintiff's attorney as those found in the Administrative Orders. Moreover, a practical reason exists for the Legislature to omit from the scope of the new statute those actions commenced prior to August 30, 2013, as it would be fruitless to impose a requirement on the plaintiff's counsel to attach such certificate of merit to the complaint when the action has already been commenced. Also, to adopt the construction proposed by the Supreme Court would run counter to the Legislature's intention in passing the homeowner-protective provisions of CPLR 3408 (*see generally US Bank N.A. v Sarmiento*, 121 AD3d 187 [2014]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9 [2013]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 74).

Finally, because the Supreme Court, in finding "good cause shown, and in the interests of justice" (22 NYCRR 202.1 [b]), relied on its own erroneous determination that the Administrative Orders are ultra vires, the court improperly waived the affirmation requirement (*see* 22 NYCRR 202.12-a [f]; *Matter of Eastgate Corporate Park, LLC v Assessor, Bd. of Assessment Review of Town of Goshen*, 54 AD3d 1036 [2008]; *cf. Martinez v Murdock*, 111 AD3d 1443 [2013]).

We dismiss the appeal from the order dated May 20, 2014, denying the defendant's motion for recusal in light of the defendant's representation that the denial of his recusal motion "is now moot and need not be considered by this Court." Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.