Deutsche Bank Natl. Trust Co. v Logan (2020 NY Slip Op 02674)





Deutsche Bank Natl. Trust Co. v Logan


2020 NY Slip Op 02674


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-09724
 (Index No. 2029/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Janice Wood Logan, appellant, et al., defendants.


Marco & Sitaras, PLLC, New York, NY (George Sitaras and Adama Sirleaf of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janice Wood Logan appeals from a judgment of foreclosure and sale of the Supreme Court, Dutchess County (James V. Brands, J.), dated July 11, 2017. The judgment of foreclosure and sale, upon an order of the same court, also dated July 11, 2017, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denying the cross motion of the defendant Janice Wood Logan (1) pursuant to CPLR 3012-b(e) to dismiss the complaint, (2), in effect, to vacate the referee's report, and (3) to stay all proceedings, inter alia, confirmed the referee's report, directed the sale of the subject property, and awarded the plaintiff an attorney's fee in the sum of $2,900.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In March 2010, the plaintiff commenced this action against, among others, the defendant Janice Wood Logan (hereinafter the defendant) to foreclose a mortgage on certain real property located in Pawling. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated October 28, 2014, the Supreme Court granted the plaintiff's motion for summary judgment and, in effect, denied the defendant's cross motion. The defendant appealed, and this Court affirmed the October 28, 2014, order (hereinafter the prior appeal) (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861).
While the prior appeal was pending, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved (1) pursuant to CPLR 3012-b(e) to dismiss the complaint, (2), in effect, to vacate the referee's report on the grounds that the referee had failed to conduct a hearing on notice to her pursuant to CPLR 4313 and miscalculated the amount due, and (3) to stay the entry of a judgment of foreclosure and sale pending the outcome of the prior appeal. In an order dated July 11, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In a judgment of foreclosure and sale, also dated July 11, 2017, made upon the July 11, 2017, order, the court, inter alia, confirmed the referee's report, directed the sale of the subject property, and awarded the plaintiff an attorney's fee in the sum of $2,900. The defendant appeals from the judgment of foreclosure and sale. We affirm.
We agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was pursuant to CPLR 3012-b to dismiss the complaint. CPLR 3012-b, effective August 30, 2013 (see L 2013, ch 306, § 1), subsequent to the commencement of this action, provides, in relevant part: "In any residential foreclosure action involving a home loan . . . in which the defendant is a resident of the property which is subject to foreclosure, the complaint shall be accompanied by a certificate, signed by the attorney for the plaintiff, certifying that the attorney has reviewed the facts of the case and that, based on consultation with representatives of the plaintiff identified in the certificate and the attorney's review of pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by defendant and all instruments of assignment, if any, and any other instrument of indebtedness including any modification, extension and consolidation, to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents. If not attached to the summons and complaint in the action, a copy of the mortgage, security agreement and note or bond underlying the mortgage executed by defendant and all instruments of assignment, if any, and any other instrument of indebtedness including any modification, extension, and consolidation shall be attached to the certificate" (CPLR 3012-b[a]).
"If a plaintiff willfully fails to provide copies of the papers and documents as required by subdivision (a) . . . and the court finds . . . that such papers and documents ought to have been provided, the court may dismiss the complaint or make such final or conditional order with regard to such failure as is just" (CPLR 3012-b[e]). A dismissal pursuant to CPLR 3012-b "shall be without prejudice and shall not be on the merits" (CPLR 3012-b[e]).
Here, since this action was commenced prior to August 30, 2013, according to Administrative Order AO/208/13 of the Chief Administrative Judge of the Courts, the plaintiff's counsel was required to either provide an affirmation in compliance with Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts indicating that he or she had communicated with the plaintiff's representative who had personally reviewed the documents and records related to this action for factual accuracy and confirmed the factual accuracy of the allegations set forth in the complaint and any supporting affidavits or affirmations filed with the court, including the notarizations, or submit a certificate of merit, the contents of which were set forth in CPLR 3012-b(a), at the time the request for judicial intervention was filed (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1065-1066). Although it is undisputed that the plaintiff did not attach the documents set forth in CPLR 3012-b(a) directly to its certificate of merit dated July 16, 2014, there is no evidence that such omission was willful. Moreover, the plaintiff had provided copies of the documents delineated in CPLR 3012-b(a) as exhibits to its motion for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due, along with the certificate of merit. Consequently, the defendant's contention that the Supreme Court should have denied the plaintiff's request for accrued interest, costs, and attorney's fees, all of which were included in the referee's report, due to the plaintiff's failure to annex the required documents to the certificate of merit, is without merit (see CPLR 3012-b[e]). In addition, the defendant did not raise the issue of the plaintiff's purported failure to comply with CPLR 3012-b in opposing the plaintiff's earlier motion, made in July 2014, or thereafter, in cross-moving for summary judgment dismissing the complaint. Thus, the defendant has waived such an argument with respect to the subject motion and cross motion (see generally Wells Fargo Bank v Islam, 174 AD3d 670, 672; see also Gentle Acupuncture, P.C. v Tri-State, 55 Misc 3d 147[A], 2017 NY Slip Op 50706[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists]).
Further, we agree with the Supreme Court's determination to confirm the referee's report. Contrary to the defendant's contention, under the circumstances here, the referee was not required to conduct a hearing prior to issuing her report to the court (see Capital One, NA v Amid, 174 AD3d 494, 495; Bank of N.Y. Mellon v Hoshmand, 158 AD3d 600; Deutsche Bank Natl. Trust Co. v Williams, 134 AD3d 981, 981). Further, the defendant's contention that the plaintiff failed to demonstrate that there was proper service of the notice of computation is without merit.
The defendant's remaining contention is academic.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court