HSBC Bank USA, N.A. v Sage (2021 NY Slip Op 04583)





HSBC Bank USA, N.A. v Sage


2021 NY Slip Op 04583


Decided on July 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 29, 2021

529928
[*1]HSBC Bank USA, National Association, as Trustee, Respondent,
v
Gregory Sage, Appellant.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Gregory Sage, Kerhonkson, appellant pro se.
Houser LLP, New York City (David S. Yohay of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Cahill, J.), entered February 8, 2019 in Ulster County, which, among other things, granted plaintiff's motion to lift a stay.
In 2009, defendant defaulted on a note secured by a mortgage on real property located at 60 Terwilliger Road in the Town of Rochester, Ulster County. Plaintiff, as assignee of American Home Mortgage Servicing, Inc., thereafter commenced this foreclosure action and, on October 26, 2017, a judgment of foreclosure and sale was entered against defendant.[FN1] In January 2018, defendant was served with a notice of sale indicating that the subject real property would be sold at a foreclosure auction on February 14, 2018. On February 2, 2018, defendant moved, by order to show cause, to vacate the judgment of foreclosure. Supreme Court signed the order to show cause and temporarily stayed the sale pending a decision on the motion. In April 2018, Supreme Court denied defendant's motion to vacate the judgment of foreclosure and sale, but continued to stay the sale of the property pending a referee hearing to ascertain the amount owed to plaintiff. Defendant filed a notice of appeal with respect to this order, but it was never perfected and the appeal was deemed dismissed (see 22 NYCRR 1250.10 [a]). A referee hearing was scheduled for August 3, 2018, but defendant failed to appear on the date of the hearing. Plaintiff thereafter moved to lift the stay and defendant opposed the motion and cross-moved to dismiss the action. Supreme Court granted plaintiff's motion, lifted the stay and denied defendant's cross motion to dismiss. Defendant appeals, and we affirm.
Initially, we find no abuse of discretion in Supreme Court's decision to lift the stay of the sale of defendant's real property. Supreme Court imposed the stay pending a referee hearing — which defendant had requested — so that he could appear and challenge the amount that he purportedly owed to plaintiff. Although defendant was provided notice of the hearing, he failed to appear on the scheduled date. Given defendant's failure to appear at the referee hearing, it cannot be said that Supreme Court abused its discretion in vacating the stay and permitting the sale of the subject real property to go forward (see HSBC Bank USA N.A. v Pacyna, 112 AD3d 1246, 1247-1248 [2013]; Citicorp Mtg. v Rodelli, 249 AD2d 736, 738 [1998]; see also Federal Deposit Ins. Corp. v 65 Lenox Rd. Owners Corp., 270 AD2d 303, 304 [2000]). To the extent that defendant argues that Supreme Court erred in vacating the stay because the Ulster County Clerk had previously rejected a 2015 assignment of the subject note and mortgage, this argument was not raised before Supreme Court and is therefore unpreserved for review (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [2013]).
Turning to defendant's cross motion to dismiss, defendant argues that Supreme Court should have granted his cross motion based upon plaintiff's [*2]failure to comply with the requirements of CPLR 3012-b. As defendant concedes in his brief, however, the certificate of merit requirement set forth in the current version of CPLR 3012-b does not apply to actions commenced prior to August 30, 2013. As plaintiff commenced this action in April 2009, said requirement was not applicable at the time it commenced this action, and CPLR 3012-b does not otherwise apply retroactively (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1066 [2016]).
To the extent that defendant contends that his cross motion should have been granted because plaintiff failed to abide by Administrative Order AO/431/11, this argument could have been raised by defendant on his earlier appeal that he failed to perfect. Where a prior appeal is dismissed for want of prosecution, said dismissal "acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal" (Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999] [internal quotation marks and citation omitted]; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 757 [1999]). Thus, defendant is barred from raising any issues with respect to the April 2018 order as part of his present appeal (see Faricelli v TSS Seedman's, 94 NY2d at 774; Bray v Cox, 38 NY2d 350, 353 [1976]), and we decline to exercise our discretion to entertain a second appeal (see MTGLQ Invs., L.P. v Thompson, 188 AD3d 1483, 1483 [2020]; compare Maldonado v DiBre, 140 AD3d 1501, 1503 n 2 [2016], lv denied 28 NY3d 908 [2016]). To the extent not specifically addressed, defendant's remaining contentions have been reviewed and found to be without merit.
Clark, Pritzker and Colangelo, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. To begin, I agree with the majority's determination that Supreme Court did not abuse its discretion in lifting the stay on the foreclosure sale insofar as defendant failed to attend the referee hearing. My concern is that the sale be allowed to go forward notwithstanding the fact that plaintiff's counsel has not provided the affirmation required under Administrative Order AO/431/11, as continued by Administrative Order AO/208/13 (see Flagstar Bank, FSB v Pretto, 167 AD3d 1314, 1315 [2018]; Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1065-1066 [2016]). Some background is in order.
In October 2010, the Chief Administrative Judge issued Administrative Order AO/548/10 "requiring a plaintiff's attorney in certain mortgage foreclosure actions to submit an affirmation confirming the factual accuracy and the accuracy of notarizations of all filings in support of foreclosure" (Bank of N.Y. Mellon v Izmirligil, 144 AD3d at 1064). In March 2011, AO/548/10 was replaced by Administrative Order AO/431/11, which revised the required attorney affirmation. As revised, a plaintiff's attorney is required to affirm after conferring with a representative of the plaintiff and upon the attorney's "own inspection and other reasonable inquiry" [*3]that the pleadings and submissions "contain no false statements of fact or law." Effective August 30, 2013, CPLR 3012-b was enacted to require that a foreclosure complaint be accompanied by an attorney certificate of merit. At the same time, Administrative Order AO/208/13 was issued to clarify that AO/431/11 did not apply to actions commenced after August 30, 2013. For actions commenced prior to August 30, 2013, AO/208/13 allows an attorney the option of complying with AO/431/11 or filing a certificate of merit as described in CPLR 3012-b (id. at 1066-1067).
After the foreclosure judgment was entered in October 2017, defendant, who is pro se, moved to vacate the judgment, in part, "for failure to provide a certificate[] of merit required by CPLR 3012-b or AO/431/11." By decision and order dated April 5, 2018, Supreme Court denied the motion to vacate, but stayed the sale pending a referee's hearing. Defendant filed a notice of appeal but failed to perfect same and the appeal was deemed dismissed (see 22 NYCRR 1250.10 [a]). After plaintiff moved to lift the stay, defendant filed a cross motion asserting that plaintiff still had not filed "the necessary affidavit pursuant to CPLR 3012-b," without mentioning the relevant Administrative Order.
Since this action was commenced in 2009, CPLR 3012-b does not apply, and defendant concedes as much in his brief. That said, plaintiff's attorney was required to file the affidavit conforming with AO/431/11 and AO/208/13, an issue that was directly raised in defendant's motion to vacate and could have been addressed by this Court had defendant perfected his appeal from the court's April 2018 order. In an instance such as this, this Court "has the authority to entertain a second appeal in the exercise of [our] discretion, even where a prior appeal on the same issue has been dismissed for failure to prosecute" (Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 756 [1999]; Aridas v Caserta, 41 NY2d 1059, 1061 [1977]; Maldonado v DiBre, 140 AD3d 1501, 1503 n 2 [2016], lv denied 28 NY3d 908 [2016]). Given that the filing of an attorney affirmation is mandatory and, at the latest, must be filed five business days before a scheduled auction (see U.S. Bank, N.A. v Eaddy, 109 AD3d 908, 909 [2013]), I believe we should exercise our discretion and address the issue of noncompliance (id.). To assure the integrity of the foreclosure process, which is the entire objective of the Administrative Orders, we should modify the order by requiring a continued stay of any auction sale pending the submission of a compliant attorney affirmation.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This Court previously affirmed both Supreme Court's grant of plaintiff's motion for summary judgment striking defendant's answer and seeking the appointment of a referee and denying defendant's cross motion to dismiss (HSBC Bank USA, N.A. v Sage, 112 AD3d 1126 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]), as well as Supreme Court's denial of defendant's first motion seeking to vacate the judgment of foreclosure (HSBC Bank USA, N.A. v Sage, 143 AD3d 1214 [2016]).