HSBC Bank USA, N.A. v Sage (2025 NY Slip Op 02109)

HSBC Bank USA, N.A. v Sage

2025 NY Slip Op 02109

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-22-1906
[*1]HSBC Bank USA, National Association, as Trustee, Respondent,
v
Gregory Sage, Appellant.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Gregory Sage, Kerhonkson, appellant pro se.
Houser LLP, New York City (Reed T. Cohn of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Richard Mott, J.), entered September 30, 2022 in Ulster County, which denied defendant's motion to stay a foreclosure sale.
The underlying facts of this mortgage foreclosure action are familiar to this Court, having been the subject of three prior appeals (196 AD3d 1016 [3d Dept 2021]; 143 AD3d 1214 [3d Dept 2016]; 112 AD3d 1126 [3d Dept 2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Briefly, in 2009, plaintiff commenced this foreclosure action alleging that defendant defaulted on a note secured by a mortgage on his real property located in the Town of Rochester, Ulster County. In 2017, a judgment of foreclosure and sale was entered against defendant. Thereafter, defendant moved to vacate the judgment of foreclosure and sale, which Supreme Court (Melkonian, J.) denied, but the court continued to stay the sale of the property pending a referee hearing to calculate the amount owed to plaintiff. Following a referee hearing at which defendant did not appear, plaintiff moved to lift the stay, which defendant opposed and cross-moved to dismiss the action. Supreme Court (Cahill, J.) granted plaintiff's motion, lifted the stay and denied defendant's cross-motion, which order was affirmed by this Court (196 AD3d 1016).
In proceeding with the sale of the property, plaintiff published the notice of foreclosure sale in the local newspaper on four separate dates in May and June 2022, specifying that the foreclosure sale would take place at the Ulster County Courthouse on June 24, 2022. On June 17, 2022, defendant moved to stay the foreclosure sale, seeking to postpone the sale on various grounds, including that plaintiff failed to file an AO/431/11 certificate attesting to the authenticity of the foreclosure documents. Plaintiff opposed the motion, noting that the sale of the property occurred on June 24, 2022 and asserting that, among other things, defendant was attempting to raise issues that were either previously decided or rendered finally concluded by the granting of the foreclosure and sale. In September 2022, Supreme Court (Mott, J.) denied defendant's motion, finding, among other things, that defendant's assertion that plaintiff failed to comply with AO/431/11 had been previously adjudicated and, in any event, plaintiff had complied with the requirements of CPLR 3012-b. Defendant appeals from the order denying petitioner's application to stay the June 24, 2022 foreclosure sale.
In November 2023, as this appeal was pending, defendant moved to vacate the June 24, 2022 foreclosure sale on various grounds. Supreme Court granted that motion in February 2024 and ordered that another foreclosure sale occur under the direction of the assigned referee; that subsequent sale occurred in May 2024.[FN1]
In light of those more recent developments, this appeal must be dismissed as moot. "Judicial power is limited to active controversies, which do not include situations where the requested relief is no longer [*2]available . . . and the rights of the parties cannot be affected by the determination of the proceeding" (Matter of Cambridge Cent. Sch. Dist. v New York State Educ. Dept., 222 AD3d 1068, 1069 [3d Dept 2023] [internal quotation marks, ellipsis, brackets and citations omitted]; see City of New York v Maul, 14 NY3d 499, 507 [2010]). Where, as here, a change in circumstances precludes a court from rendering a decision that would effectively determine an actual controversy, the doctrine of mootness is involved (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]; Matter of Kern v Adirondack Park Agency, 223 AD3d 990, 991 [3d Dept 2024]; Govel v Trustco Bank, 182 AD3d 838, 839 [3d Dept 2020]). The relief sought by defendant in this proceeding — to bar the June 24, 2022 foreclosure sale of the subject property — is no longer available as Supreme Court vacated that sale and directed that another sale occur. As such, any decision by this Court regarding a stay on the June 24, 2022 foreclosure sale will not directly affect the rights of the parties and, contrary to defendant's contention, the exception to the mootness doctrine is not applicable (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). In view of our disposition, defendant's remaining contentions need not be addressed.
Egan Jr., J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: Defendant filed a notice of appeal challenging this subsequent order — as it also directed that a new sale occur — but failed to perfect that appeal, resulting in its dismissal. Defendant thereafter sought to restore the appeal but has not provided proof that he served the motion upon plaintiff.